APPEAL OF THE NATIONAL CITY BANK OF NEW YORK AND HENRY G. GRAY, EXECUTORS OF THE ESTATE OF JULIAN H. BARCLAY, DECEASED.

Docket No. 2243.   Submitted April 16, 1925.   Decided September 30, 1925.

Value of fractional interests in real estate determined.

*Matthew J. Shevlin, Esq.*, for the taxpayer.
*W. Hall Trigg, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and GREEN.

This is an appeal from the determination of a deficiency in estate tax in the amount of $1,104.61. The deficiency arose from the difference in valuation placed on certain real estate by the executors and the Commissioner.

### FINDINGS OF FACT.

The petitioners are the duly appointed, qualified, and acting executors of the estate of Julian H. Barclay, who died October 6, 1923. At the time of his death he was a resident of the County and State of New York and the owner of an undivided one-half interest in 10 parcels of real estate located in New York City.

The value of the undivided one-half interest of these parcels of real estate, as returned by the executors and as valued by the Commissioner, is as follows:

| Item | Location | As returned by executors | As valued by the Commissioner |
|---|---|---|---|
| 1 | 20 Wooster Street | $14,400 | $15,000 |
| 2 | 268-270 Washington Street | 56,250 | 62,500 |
| 3 | 385 Grand Street | 29,250 | 32,500 |
| 4 | 345 Canal Street | 11,250 | 12,500 |
| 5 | 195 Hester Street | 15,750 | 17,500 |
| 6 | 471 Greenwich Street | 10,800 | 12,000 |
| 7 | 29 Suffolk Street | 10,350 | 11,500 |
| 8 | 144 Spring Street | 7,200 | 8,125 |
| 9 | 100 Orchard Street | 15,750 | 17,500 |
| 10 | 47 Ann Street | 40,500 | 45,000 |
| | | 211,500 | 234,125 |

The executors and the Commissioner agreed upon the market value of each parcel of real estate, but the executors, in arriving at the undivided one-half interest, deducted 10 per cent of this value. Thus, the executors' valuations of the one-half interest are 10 per cent less than the mathematical one-half interest. The market value of items (1) and (8), above set forth, was determined from the price at which the property was sold several months later.

For many years the transfer tax authorities of the State of New York have accepted as correct appraisals of undivided fractional

interests in New York real estate which were at least 10 per cent less than aliquot portions of the value of the entire parcel. The transfer tax authorities accepted the value of $211,500 for the decedent's interest in the properties listed above, and the tax upon that amount was duly paid by the executors to the State of New York.

For appraisal purposes it is the practice in the New York real-estate market to deduct a percentage for fractional undivided interests. The reason given for this deduction is the additional inconvenience of dealing with several owners, the possibility of minor heirs, partition suits, and disagreements of the owners. Selling only a fractional undivided interest in the market is a rare occurrence and is only done under exceptional circumstances. In the common and ordinary sales all the owners join together in one conveyance or one common owner sells to the other. In the few instances of actual sale testified to, the fractional interests brought in the market a value equal to or in excess of the mathematical or aliquot proportion of the value of the entire parcel.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

GREEN: In this appeal there is no dispute as to the market value of the parcels of real estate. The issue is whether the value of an undivided one-half interest in real estate is 50 per cent of the market value of the whole or is 45 per cent thereof, as is contended by the executors.

On behalf of the executors, it is pointed out that it is the common practice in the New York real estate market, in appraising real estate, to deduct a percentage because of undivided fractional interests. It is further pointed out that this is also the practice of the transfer tax authorities of the State of New York, and that they in fact did deduct 10 per cent in this particular estate. The reason given for this deduction is the additional inconvenience of dealing with several owners, the possibility of minor heirs, partition suits, and disagreement of several owners. While this appraisal practice may be followed to a great extent, the testimony in this case discloses that in cases of actual sales undivided fractional interests brought in the market a value equal to or in excess of the aliquot portion of the value of the entire parcel. The executors have offered no actual evidence of value other than the practice of the New York real estate dealers and the New York transfer tax authorities. There is no evidence to sustain the values

placed by the executors upon these particular parcels of land such as would warrant us in disturbing the values fixed by the Commissioner.

ARUNDELL not participating.