APPEAL OF EMILIE BAER AND MARK HYMAN, AS EXECUTORS AND TRUSTEES UNDER THE WILL OF MORRIS B. BAER, DECEASED.

Docket No. 3532. Submitted August 10, 1925. Decided February 18, 1926.

Value of real estate for estate-tax purposes determined.

*Charles E. Scribner, Esq.*, for the taxpayer.
*Frank T. Horner, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This appeal is from the determination of a deficiency in estate tax in the amount of $13,213.91, arising from an increase by the

Commissioner of the valuation placed by the executors upon the decedent's interest in certain real estate.

### FINDINGS OF FACT.

Emilie Baer and Mark Hyman are the duly qualified and acting executors and trustees under the last will and testament of Morris B. Baer, who died on March 21, 1921, the owner of certain real estate, situated in New York City, and of all the capital stock of the Ursa Realty Corporation, together with three-fourths of the capital stock of the Venture Realty & Construction Co., both being New York corporations.

The value of the decedent's interest in the real estate involved herein, as returned by the executors and as determined by the Commissioner, is as follows:

| Item. | Location. | As returned by executors. | As determined by the Commissioner. |
|---|---|---|---|
| 1 | 278-280 West Broadway (one-half interest) | $12,325 | $15,000 |
| 2 | 272-274 West Broadway | 27,000 | 32,000 |
| 3 | 754-756 Seventh Avenue (one-half interest) | 63,750 | 100,500 |
| 4 | 72-74 and 76 East One hundred and twenty-fifth Street | 75,000 | 125,000 |
| 5 | 66-68-70 East One hundred and twenty-fifth Street | 120,000 | 187,500 |
| 6 | 63-65-67 East One hundred and twenty-fourth Street | 30,000 | 50,000 |
| 7 | 553-557 Fifty-seventh Street | 82,500 | 90,000 |
| 8 | 214 West One hundred and twenty-ninth Street | 9,000 | 10,500 |

The real estate listed as item 7 was the sole asset of the Ursa Realty Corporation. The real estate listed as item 8 was owned by the Venture Realty & Construction Co.

Shortly after the death of Morris B. Baer the executors employed an appraiser to value the decedent's interest in the real estate. The values placed upon the several parcels of real estate by this appraiser are listed above as returned by the executors. The values as determined by the Commissioner were based upon an appraisal of the real estate in question by an appraiser employed by him for that purpose and upon the opinion of a second real-estate appraiser as to the value of an undivided interest, the condition of the real-estate market in New York in March, 1921, and an appraisal made by him of the property at 72-74-76 East One Hundred and Twenty-fifth Street; 66-70 East One Hundred and Twenty-fifth Street, and 63-67 East One Hundred and Twenty-fourth Street, listed above as items 4, 5, and 6.

### DECISION.

The determination of the Commissioner is approved.

OPINION.

LITTLETON : This appeal presents two questions of fact. First, the value at the death of Morris B. Baer of his interest in the several parcels of real estate listed in the findings of fact, and, second, whether the value of a fractional interest in a parcel of real estate is less than the same fractional part of the value of the entire parcel. As to both of these questions, the testimony of the witness for the executors and the witnesses for the Commissioner is in conflict.

In support of their contention as to the value of the real estate, the executors introduced as a witness the appraiser whose values were accepted by them in making the estate-tax return and upon whose testimony they relied for the purpose of showing that the Commissioner's valuation was erroneous. This appraiser testified at length in support of the values assigned by him to the several parcels of real estate upon the basis of the price per standard lot, taking into consideration the location of the real estate, the improvements thereon, and the real-estate market in March, 1921.

In support of his values, the Commissioner introduced testimony of two real-estate appraisers. The conflict in the testimony of the appraisers, all of whom used substantially the same basis in making their appraisals, is in respect to the desirability of the property, the effect of sales of other property nearby, the condition of the New York real-estate market at the time of the decedent's death, and the value of an undivided interest. The witness for the executors testified that the fair market value of an undivided interest was 15 per cent less than its proportion of the value of the whole. The appraisers for the Commissioner testified that, except in foreclosure proceedings, undivided interests usually sold for their pro rata portion of the entire tract, and submitted evidence of numerous sales of fractional interests for amounts equal to the same proportion of the value of entire tracts.

We do not deem it necessary to discuss in detail the testimony of the appraisers. The appraisals of the witness for the executors and the witnesses for the Commissioner were on substantially the same basis, but differed in the matter of opinion relative to the various factors entering into the value of property at that time. From all of the evidence, which has been carefully considered, the Board is of the opinion that the values as determined by the Commissioner should be accepted.