ESTATE OF GEORGE W. YOULE, DECEASED, PAUL B. YOULE, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Youle v. Commissioner
Docket No. 8811-87
United States Tax Court
T.C. Memo 1989-138; 1989 Tax Ct. Memo LEXIS 138; 56 T.C.M. (CCH) 1594; T.C.M. (RIA) 89138; March 30, 1989
Paul B. Youle, for the petitioner. Richard A. Stone, for the respondent. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent determined a $ 55,073.71 deficiency in the estate tax of George W. Youle (decedent). After concessions, the only issue remaining for consideration is whether a discount should be applied to a fractional interest in real estate in valuing it for Federal estate tax purposes. FINDINGS OF FACT The decedent, George W. Youle, died on May 8, 1983, a domiciliary of the State of Illinois. The estate of the decedent is being administered in Illinois. Paul B. Youle, executor of decedent's estate, resided at San Jose, Illinois, when the petition was filed in this case. The stipulation *139 of facts and attached exhibits are incorporated by this reference. The subject real estate consists of approximately 254 acres of farmland in Tazewell County, Illinois, of which 246.6 acres are tillable land. The subject property is a narrow parcel approximately 1 mile in length, accessible only by a road on the eastern side of the parcel. The fair market value of the entire parcel at the decedent's death was $ 572,000. The decedent owned a one-half interest in the subject real estate as a tenant in common with his sister until her death in 1974. After her death, the decedent's co-tenants were the heirs of his sister. In 1983, there were eight of such heirs who resided throughout the United States. Ownership and management of tenancies in common present unique problems. For example, all co-owners must agree in order to participate in the Government farm program, without which the property would, most probably, operate at a loss. There are also other operational problems, such as crop rotation, fertilization and weed control that are compounded by a number of dispersed owners. There are few arm's-length sales of fractional interests in property. *140 Under Illinois law, any person holding an interest in land as a tenant in common may compel partition. Ill. Ann. Stat. ch. 110, sec. 17-101 (Smith-Hurd 1984). If the property cannot be easily partitioned or divided, Illinois law provides for a public sale of the entire property, with the proceeds split among the co-owners. Ill. Ann. Stat. ch. 110, sec. 17-116 (Smith-Hurd 1984). Property may be sold at a partition sale for as little as two-thirds of its market value. Ill. Ann. Stat. ch. 110, sec. 17-117 (Smith-Hurd 1984). In partition actions, Illinois law provides for the appointment of three commissioners who value and partition the property, or, in the alternative, value the property and report that it is not susceptible of partition (prior to public sale). Ill. Ann. Stat. ch. 100, secs. 17-106 to 17-117 (Smith-Hurd 1984). There would be costs associated with a partition suit, including a number of appraisals, commissioner costs and legal fees. The appraisals and commissioner costs could range from $ 10,000 to $ 15,000. In proceedings for the partition of real estate, each party pays his or her equitable portion of costs and *141 fees. Ill. Ann. Stat. ch. 110, sec. 17-125 (Smith-Hurd 1984). On the estate tax return, the estate's executor claimed a value of $ 250,000 for the one-half interest in the parcel, an approximate 12.5-percent discount. Attached to the return was an appraisal performed by Leonard J. Brueckner. Respondent's deficiency determination is based on a value of $ 286,000 for the property. The value of the decedent's one-half tenancy in common interest at the date of his death was $ 250,000. OPINION A decedent's gross estate includes the value at the time of his death of all real property in which he had an interest. Sections 2031(a), [1]2033. The value of property includable in the decedent's gross estate is its fair market value. Section 20.2031-1(b), Estate Tax Regs. Fair market value is the price at which property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts. Sec. 20.2031-1(b), Estate Tax Regs.; United States v. Cartwright,411 U.S. 546, 551 (1973); *142 Estate of Hall v. Commissioner, 92 T.C.   (February 14, 1989). Both sides agree that the value of the entire parcel is $ 572,000. The dispute between the parties that we must resolve is whether and to what extent a discount should be applied to decedent's tenancy in common interest. Petitioner argues that a discount should be applied because of the difficulties associated with dispersed ownership, the undesirability of "buying" a partition suit and the associated costs, and the difficulty of partitioning the subject property. Respondent argues that under Illinois law partition is a relatively simple procedure, that partition of the subject property would be simple because of the road running along the eastern side and that, in any event, if partition is impossible the whole parcel could be sold at fair market value and the proceeds distributed. We agree, in the main, with petitioner. Real estate valuation, and the question of fractional interest *143 discount, is a question of fact to be resolved on the basis of the entire record. Estate of Fawcett v. Commissioner,64 T.C. 889, 898 (1975); Estate of Campanari v. Commissioner,5 T.C. 488 (1945); Estate of Henry v. Commissioner,4 T.C. 423 (1944), affd. 161 F.2d 574 (3d Cir. 1947); Estate of Stewart v. Commissioner,31 B.T.A. 201 (1934); Estate of Baer v. Commissioner,3 B.T.A. 881 (1926); Estate of Barclay v. Commissioner,2 B.T.A. 696 (1925); Estate of Claflin v. Commissioner,2 B.T.A. 126 (1925). Respondent offered no expert testimony. Petitioner's expert, James W. Klopfenstein, [2] testified that it is common practice for Illinois appraisers to discount fractional interests in real property by 20 or 25 percent, for the reasons stated above. Although this type of bare testimony has been rejected in the past, see Estate of Barclay v. Commissioner, supra, and Estate of Claflin v. Commissioner, supra, there are additional facts supporting a lesser discount in this case. While other sales of fractional *144 interests in real estate would be good indicators of fair market value, in this case there were no comparable arm's-length sales, unlike Estate of Barclay v. Commissioner, supra, and Estate of Baer v. Commissioner, supra.In addition, we are persuaded that there would be court costs, legal fees and appraisal costs associated with any partition suit. Petitioner's expert testified that commissioner costs could range from $ 10,000 to $ 15,000. In addition, even a sale of the entire parcel without partition would entail communication with heirs that reside throughout the United States. Further, respondent's argument that the land could be easily partitioned (with respect to its physical characteristics) is at odds with both Brueckner's expert report and Klopfenstein's expert testimony. The facts in this case provide sufficient evidence to support the amount claimed on the estate tax return, $ 250,000. See Propstra v. United States,680 F.2d 1248 (9th Cir. 1982). To reflect the foregoing and concessions of the parties, Decision will *145 be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect at the date of decedent's death.↩
2. Leonard Brueckner, who prepared the original appraisal, was not available for trial.↩