RICHARD J. SYDNES, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9965–79.     Filed July 29, 1980.

---

Richard J. Sydnes, pro se.
*Robert M. Fowler* and *Richard Goldman*, for the respondent.

OPINION

DAWSON, *Judge:* This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion for summary judgment filed herein on April 18, 1980, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[1] After a review of the record, we agree with and adopt his opinion which is set forth below.[2]

OPINION OF THE SPECIAL TRIAL JUDGE

CANTREL, *Special Trial Judge:* Respondent determined a $166.88 deficiency in petitioner's Federal income tax for 1975. The only issue for decision is whether mortgage payments made by petitioner on property awarded to his former wife under a divorce decree were support payments or part of a property settlement.

Petitioner resided in Des Moines, Iowa, on July 10, 1979, the date he filed his petition. He filed an individual Federal income tax return for 1975 as a single taxpayer.

Petitioner and R. Lugene Sydnes (Lugene) were married on June 15, 1946. Lugene, on February 17, 1971, filed a petition for dissolution of marriage in the Polk County, Iowa, District Court.

On July 9, 1971, a decree of dissolution of marriage was entered and filed. Prior to the entry of the decree, petitioner and Lugene, through their attorneys, had attempted to resolve questions of alimony and property settlement. Petitioner was adamant in his opposition to granting his wife alimony in any

---

[1] All rule references herein are to the Tax Court Rules of Practice and Procedure, unless otherwise stated.

[2] Since this is a pretrial motion for summary judgment, and there is no genuine issue of material fact, the Court has concluded that the posttrial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing on June 4, 1980.

amount. As a result of the negotiations between the parties, an agreement was reached which was reflected in the District Court's decree. The decree provided that substantial property be transferred to Lugene, including a rental property upon which the principal sum of $8,473.62 remained due on a mortgage, which petitioner agreed to assume and pay, on an installment basis, in accordance with the mortgage provisions. The decree, in this respect, provided:

> That the Petitioner [Lugene] is hereby granted the property of the parties locally known as 3403 50th Street, Des Moines, Iowa, * * * and the Respondent, Richard J. Sydnes, shall pay and satisfy the existing mortgage thereon with United Federal Savings and Loan Association in the approximate sum of $8,700.00 and shall save the Petitioner harmless from the payment of the same, and the Court hereby retains jurisdiction for the purpose of enforcing the payment by the Respondent of said mortgage. Title is hereby quieted in the Petitioner, R. Lugene Sydnes, as against any claims of the Respondent or anyone claiming through, by or under him.

The decree further provided: "That the Petitioner [Lugene] shall have no alimony nor is she entitled to any alimony."

On his 1975 income tax return, petitioner reported that he had received wages of $19,447.69 during 1975 from his employment as an accountant for the State of Iowa and a net profit of $2,635.33 for services rendered as a clergyman. He also deducted as alimony the mortgage payments, totaling $587.23, made by him during 1975 on the rental property granted to Lugene under the July 9, 1971, decree.

Respondent, in his notice of deficiency issued to petitioner on April 11, 1979, disallowed the claimed alimony deduction on the ground that the payments were part of a property settlement. Petitioner responded by asserting in his petition: "The Commissioner erred in his determination that the Alimony payments totaling 587.23 during the taxable year ended December 31, 1975 were not deductible under Sec. 215 of the Code."

On August 13, 1979, respondent filed his answer, wherein and pursuant to Rule 39, he affirmatively raised the doctrine of collateral estoppel (estoppel by judgment) in paragraph 6 and with respect thereto stated:

(a) The petitioner in this case is the same petitioner whose case was decided in *Sydnes v. Commissioner,* 68 T.C. 170 (1977),[3] *aff'd in part* and *rev'd in part,* 577 F.2d 60 (8th Cir. 1978).

(b) In the statement attached to the statutory notice of deficiency issued to the petitioner it is stated that the claimed deductions were disallowed because lump-sum cash or property settlements are not deductible as alimony.

(c) In the above-cited case, the Tax Court held after a trial on the merits, that petitioner's payments on a mortgage were part of a property settlement and not alimony, and that petitioner was not entitled to deduct the mortgage payments under I.R.C. sec. 215. This holding of the Tax Court was affirmed by the Eighth Circuit Court of Appeals.

(d) The payments, which are disallowed as a deduction by the statutory notice in this case, are mortgage payments on the same mortgage, which prior payments were in issue before the Court in the above-named proceeding.

(e) The deficiency in dispute in this case arises from a determination which is identical in all respects to that decided in the above-named proceeding and the controlling facts and applicable legal principles remain unchanged.

Thereafter, the Court allowed petitioner to file his reply out of time. Therein, respecting the doctrine of collateral estoppel, he alleged in paragraph 6:

a. The Court relied on statements in the Respondent's Briefs which are untrue in *Sydnes v. Commissioner,* 68 T.C. 170 (1977).

b. The Respondent has steadfastly refused to correct the untrue statements made to the Court.

Later, respondent filed his motion for summary judgment, which is herein under consideration. Therein, we are advised at paragraphs 8 and 9:

8. In *Sydnes v. Commissioner,* Docket No. 1889–77,[4] *decided without opinion,* November 7, 1979, the Tax Court granted respondent's motion for summary judgment, which was based on the ground that, by reason of the prior decision in *Sydnes v. Commissioner,* 68 T.C. 170 (1977), *aff'd in part* and *rev'd in part,* 577 F.2d 60 (8th Cir. 1978), the petitioner was prohibited by the doctrine of collateral estoppel (estoppel by judgment) from disputing the deficiencies determined by the respondent in that case.

9. The deficiency in dispute in this case arises from a determination that is

---

[3]That case, which involved petitioner's taxable year 1971, was consolidated for trial only with that of R. Lugene Sydnes (Lugene), docket No. 7548–74S, which involved Lugene's 1971 taxable year.

[4]In that case, which involved petitioner's taxable years 1973 and 1974, respondent's motion for summary judgment based upon the doctrine of collateral estoppel (estoppel by judgment) was granted after hearing thereon, the parties being present, and decision was entered on Nov. 7, 1979.

identical in all respects to those decided in the above-mentioned proceedings and the controlling facts and applicable legal principles remain unchanged.[5]
[Emphasis in original.]

The petition filed in this case is frivolous and was filed merely for delay.

Petitioner argues that the mortgage payments in dispute are deductible on two grounds—(1) the payments were made in lieu of support and maintenance as provided in section 71[6] and, accordingly, they are deductible under section 215, and (2) "the Court relied on statements in the respondent's briefs which are untrue in *Sydnes v. Commissioner*, 68 T.C. 170 (1977)," and which "respondent has steadfastly refused to correct."

Petitioner's argument is baseless. Both of the above grounds have been persistently pursued by petitioner in all three of the cases he has instituted in this Court and, in all three cases, have been rejected. Our opinion in *Sydnes v. Commissioner*, 68 T.C. 170 (1977), with respect to the mortgage payment issue is solidly backed up by the record presented to the Court.[7] Petitioner fully participated in that proceeding and in the appeal that ensued upon petitioner's filing of a notice of appeal.

Respondent, on the other hand, maintains that by reason of the two prior decisions of this Court involving an issue identical to that before us now, petitioner is estopped from disputing the determined deficiency for 1975. We agree.

For more than 30 years, it has been firmly entrenched in the law that collateral estoppel (estoppel by judgment) in a tax case

---

[5]The issue before us now is identical to an issue twice heretofore petitioned to this Court by petitioner and twice decided adversely to his position. Some of the facts recited in this opinion have been found, by virtue of judicial notice, from our earlier opinion respecting this issue. See *Sydnes v. Commissioner*, 68 T.C. 170 (1977), affd. on this issue 577 F.2d 60 (8th Cir. 1978). The controlling facts and applicable legal principles remain unchanged. See rules 201(c), (d), (e), and (f), Fed. R. Evid. The Tax Court may judicially notice its findings of fact and opinion in a prior case but need not do so. See 2 L. Casey, Federal Tax Practice, sec. 8.22 (1955 & Cum. Supp. 1979). Here, petitioner was put on notice by respondent in the latter's answer and motion for summary judgment that prior judicially determined facts respecting the same issue were being relied upon through the doctrine of collateral estoppel (estoppel by judgment). Petitioner responded to those documents in his reply and response to respondent's motion.

[6]All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

[7]There we found as a fact that petitioner was adamant in his opposition to granting his wife alimony in any amount. 68 T.C. at 172. Moreover, in n. 2 at 172, we stated further:

"Petitioner had stated to Lugene's attorney that under no circumstances would he pay or agree to pay any support, maintenance, or alimony. He also had stated to Lugene that he would leave the country before he would pay her one cent of alimony."

is applicable if (1) the parties are the same; (2) the issue is identical; (3) the parties have actually litigated the issue and it has been judicially determined; and (4) there has been no change in the applicable facts or controlling legal principles. *Commissioner v. Sunnen*, 333 U.S. 591 (1948).

While the doctrine of res judicata applies only to the *same* cause of action arising between the same parties, collateral estoppel applies in a *different* cause of action. *Cromwell v. County of Sac*, 94 U.S. 351, 352–353 (1876); *Amos v. Commissioner*, 43 T.C. 50, 53 (1964), affd. 360 F.2d 358 (4th Cir. 1965).

Here, we are confronted with two earlier cases between this petitioner and the Commissioner of Internal Revenue which were brought to judgment in this Court on facts almost identical to those now before us. All of the criteria necessary to impose the doctrine of collateral estoppel are present. Although a different tax year is here involved, the doctrine is available to relieve this Court, other courts, and the Government from redundant litigation. *Tait v. Western Maryland Ry. Co.*, 289 U.S. 620, 624 (1933).

Petitioner has unremittingly raised the same arguments in the three law suits he has filed with this Court contesting the same issue, and two of those suits have resulted in judgment against him. On this very point, in *Gammill v. Commissioner*, 62 T.C. 607, 620 (1974), we stated:

> We observe first that the fact that a prior judgment may appear incorrect to petitioners, or to anyone else, will not bar its collateral estoppel effect on a subsequent proceeding. *Partmar Corp. v. Paramount Corp.*, 347 U.S. 89, 103 fn. 9 (1954). If an issue was determined in an earlier action, it is binding later notwithstanding that the parties might have omitted matters which, if urged, might have produced a contrary result. *George A. Dean*, 56 T.C. 895, 900 (1971); *Jacques R. Milberg*, 54 T.C. 1562 (1970). * * * [8]

As the Supreme Court stated in the *Sunnen* case at page 598, "Once a party has fought out a matter in litigation with the other party, he cannot later renew that duel."

On this record, we must and do hold that the doctrine of collateral estoppel applies with respect to the issue petitioned to this Court. There is no genuine issue as to any material fact

---

[8]Here, petitioner has omitted nothing. The same facts, arguments, and controlling legal principles have remained unchanged since the inception of his first suit on Aug. 27, 1974.

present in this case. Rule 121. Respondent's motion for summary judgment will·be granted.

The next matter we consider is whether, in the circumstances here extant, we should, on our own motion, award damages to the United States under section 6673[9] and, if so, in what amount. In so doing, we have considered the statement made in *Wilkinson v. Commissioner,* 71 T.C. 633, 641 (1979), that, "We have used this power sparingly in the past."[10]

After carefully reviewing the records in the two cases previously filed by this petitioner with this Court, involving precisely the same issue, we have concluded that the petition herein was filed merely for delay and that we should impose damages in this case. This has become a frivolous and repetitious claim by petitioner and one which is without any legal justification.

Petitioner has been employed for many years as an accountant by the State of Iowa. In addition, he has realized a net profit from services rendered as a clergyman and from public speaking. He was a full participant in the first case filed with this Court from its inception on August 27, 1974, through its appeal to the Court of Appeals for the Eighth Circuit, and to its ultimate conclusion in this Court when decision was finally entered after appeal on April 2, 1979. At the trial stage the petitioner, Lugene, and their respective attorneys during the divorce proceedings were witnesses. Petitioner presented his own case and cross examined both Lugene and her attorney. Subsequent to trial, petitioner filed a 29-page opening brief and an 8-page reply brief raising the same arguments he later pursued in his other two cases filed with this Court. We decided that the mortgage payments at issue were part of a property settlement and not alimony. Petitioner pressed his arguments further on appeal, and on June 8, 1978, the Court of Appeals affirmed this Court on the mortgage payments issue.[11]

---

[9]Sec. 6673 provides—

Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.

[10]See *Wilkinson v. Commissioner,* 71 T.C. 633, 641 n. 6 (1979).

[11]See 577 F.2d at 63 & n. 2 at 62, where the Court of Appeals stated—

In his next case, instituted on March 2, 1977, petitioner, at docket No. 1889–77, disputed the same issue for the same reasons advanced in his earlier case. Several hearings were conducted in that case. At a hearing at Des Moines, Iowa, on September 18, 1978, petitioner advised the Court, "The facts of this case are the same as those which the U.S. Eighth Circuit Court of Appeals upheld."

Thereafter, at a later Des Moines hearing on October 30, 1979, respondent's motion for summary judgment was granted and decision later entered on November 7, 1979.

Finally, on July 10, 1979, over a year after the Court of Appeals had filed its opinion affirming our holding on the mortgage payments issue, petitioner has brought the same issue before this Court for a third time, advancing the same reasons as in his two prior cases. We addressed the very heart of this matter in September of 1977 in *Hatfield v. Commissioner*, 68 T.C. 895, 899 (1977), when we stated in clear and unequivocal language:

> In recent times, this Court has been faced with numerous cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us.
>
> Many citizens may dislike paying their fair share of taxes; everyone feels that he or she needs the money more than the Government. On the other hand, as Justice Oliver Wendell Holmes so eloquently stated: "Taxes are what we pay for civilized society." *Compania de Tabacos v. Collector*, 275 U.S. 87, 100 (1927). The greatness of our nation is in no small part due to the willingness of our citizens to honestly and fairly participate in our tax collection system which depends upon self-assessment. Any citizen may resort to the courts whenever he or she in good faith and with a colorable claim desires to challenge the Commissioner's determination; but that does not mean that a citizen may resort to the courts merely to vent his or her anger and attempt symbolically to throw a wrench at the system. Access to the courts depends upon a real and actual wrong—not an imagined wrong—which is susceptible of judicial

---

"The taxpayer at oral argument presented the court with a statement of his assets at the time of the divorce but such statement cannot be considered as it was not before the trial court. In any event, it likely has no relevancy on the merits of this case *as the property settlement was negotiated.* [Emphasis added.]"

resolution. General grievances against the policies of the Government, or against the tax system as a whole, are not the types of controversies to be resolved in the courts; Congress is the appropriate body to which such matters should be referred.[12]

Over the past several years, this Court has been faced with innumerable cases which have been commenced without any legal justification by persons protesting the Federal tax laws. Believing that, in such circumstances, we should consider the imposition of damages under section 6673, we imposed damages in *Wilkinson v. Commissioner, supra,* and in *Greenberg v. Commissioner,* 73 T.C. 806 (1980).

While in the past we have been reluctant to impose damages in cases involving persons other than those who were merely protesting the Federal tax laws, we think the imposition of damages in the circumstances here is fully warranted. Moreover, since the statute does not restrict us to those cases in which a party has requested us to impose damages, we think we should do so, on our own motion, where the facts and circumstances so dictate.

Here, the Court and respondent have been required to consider the same issue twice after it had already been decided by this Court and affirmed by the Court of Appeals. Petitioners with more genuine controversies have been delayed while we considered these cases involving the same issue. In these circumstances, the petitioner, an accountant with some knowledge of the Federal tax laws, cannot and has not shown that he, in good faith, has a colorable claim to challenge the Commissioner's determination. Indeed, he knew when he filed the present case with this Court that he had no reasonable expectation of receiving a favorable decision. No reasonably prudent person could have expected this Court to reverse itself in this situation.

When the costs incurred by this Court and respondent are taken into consideration, the maximum damages authorized by the statute ($500) do not begin to indemnify the United States for the expenses which petitioner's frivolous action has occasioned. Considering the waste of limited judicial and administrative resources caused by petitioner's action, even the maximum damages authorized by Congress are wholly inadequate to

---

[12]The language in the first paragraph quoted above, so true when stated, is all the more impelling today because of the ever increasing caseload of this Court.

compensate the United States and its other taxpayers. These costs must eventually be borne by all of the citizens who honestly and fairly participate in our tax collection system. Accordingly, the maximum damages authorized by law ($500) are appropriate in this case and will be awarded under section 6673.

*An appropriate order and decision will be entered.*