THOMAS P. AND TARIA B. HORNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Horner v. Commissioner
Docket No. 11617-80.
United States Tax Court
T.C. Memo 1981-37; 1981 Tax Ct. Memo LEXIS 706; 41 T.C.M. (CCH) 790; T.C.M. (RIA) 81037; January 29, 1981. Thomas P. Horner and Taria B. Horner, pro se. Lee A. Kamp and Kevin W. Cobb, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion for summary judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. *707 [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's motion for summary judgment filed on November 7, 1980, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioners on March 28, 1980, determined a deficiency in petitioners' Federal income tax for *708 the taxable calendar year 1976 in the amount of $ 994.00. [3]
Petitioners resided at 3615 Stockman Road, Pocatello, Idaho, on the date they filed their petition herein. They filed a 1976 Federal income tax return with the Internal Revenue Service. [4]
In paragraph 4 of the petition it is alleged that respondent erred in his determination of the deficiency in tas for the following reasons: a. that the Petitioners had no liability for the tax. b. that the tax was levied against the privilege of dealing in negotiable instruments. c. that the tax in order to be levied against wages must be by apportionment in relation to *709 the census. d. that the tax officials in the IRS must violate the Constitutional laws in order to enforce Title 26. e. that the IRS audit officials did not use every available lawful means to determine the deficiency. f. that the deficiency (alleged) was determined without any substantive evidence. g. that the alleged deficiency was issued only to stay within statutory requirements of time allowed for the audit of 1976 returns. h. that the IRS agents involved did not intend to sustain any of the Petitioners Constitutional rights during the audit. i. that the Petitioners were selected for audit because of their stand on certain inalienable rights. j. that the Department of Treasury through the IRS probably owes the alleged deficiency to the Petitioners. k. that the alleged deficiency is erroneous as to the exact amount. l. that the Internal Revenue agents involved in this alleged deficiency have failed to state, certify, or guarantee at any time as to the correctness of its true and certain amount. m. that citizen/taxpayers have the right to have amounts due in taxes certified by affidavit before being required [sic] to tender payment. Proceeding *710 on to paragraph 5 of the petition, we are advised of the facts upon which petitioners rely to sustain the allegations of error described above. They are: a. that Petitioners have no knowledge of any law allowing dismissal of Constitutional rights in order to collect taxes. b. that income taxes are civil matters though the IRS consistently prosecutes citizens under criminal penalties, therefore requiring [sic] protection under Constitutional rights. c. that taxes on wages are direct therefore unlawful and unConstitutional. d. that the IRS employees attempted to deprive Petitioners of said Constitutionally guaranteed inalienable rights. e. that Petitioners have in their possession affidavits of individuals testifying as to the violations in number 4, parts d, e, f, g, h, k, l. f. that the Petitioners have read and understood numerous Supreme Court of the United States decisions that protect and defend said Petitioners in the above causes. Respondent filed his answer to the petition on August 29, 1980. In that answer he has denied all of the allegations contained in paragraphs 4 and 5 of the petition. Thus, the pleadings herein are closed. See Rules *711 38 and 121. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "[c]lear and concise lettered statements of the facts on which petitioner bases the assignments of error." No justiciable error has been alleged in the petition with respect to the Commissioner's determination of the deficiency, and no justiciable facts in support of such error are extant therein. It is clear beyond doubt that the legal, statutory, and constitutional arguments advanced by petitioners are frivolous and totally without merit. The constitutionality of the Federal income tax laws passed since the enactment of the Sixteenth Amendment has been upheld judicially on too many occasions for us presently to rethink the underlying validity thereof. See, e.g., Brushaber v. Union Pac. R.R. Co.,240 U.S. 1 (1916); Stanton v. Baltic Mining Co.,240 U.S. 103 (1916); Cupp v. Commissioner,65 T.C. 68 (1975), affd. in an unpublished *712 opinion 559 F.2d 1207 (3d Cir. 1977). Moreover, the Sixteenth Amendment was enacted in response to the Supreme Court's decision in Pollock v. Farmers' Loan & Trust Co.,157 U.S. 429 (1895), which held unconstitutional the income tax of 1894 as a direct tax without apportionment. The "whole purpose" of the Sixteenth Amendment, as stated by the Supreme Court in Brushaber v. Union Pac. R.R. Co.,supra at 18 was "to relieve all income taxes when imposed from apportionment from a consideration of the source whence the income was derived." Hence, since the ratification of the Sixteenth Amendment, it is immaterial, with respect to income taxes, whether the tax is a direct or an indirect tax. [5]
Indeed, all of the petitioners' contentions have been fully discussed (adversely to petitioners' contentions) in numerous prior opinions of this and other courts. [6] On this very point, which is totally pertinent to this case, in Hatfield v. Commissioner,68 T.C. 895, 899 (1977), we had this to say-- *713 In recent times, this Court has been faced with numerous cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. [7]
Despite petitioners' protestations to the contrary, there is no adjustment in this case on which the burden of proof is placed by statute upon respondent. Thus, petitioners bear the burden of proof thereon. Rule 142(a). Welch v. Helvering,290 U.S. 111 (1933). Rule 121(b) provides that a motion for summary judgment *714 shall be granted if the "pleadings * * * and other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * *" [Emphasis added.] On the basis of the pleadings, respondent has demonstrated that there is no genuine issue as to any material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law. In such circumstance, summary judgment is a proper procedure for disposition of this case. Respondent's motion for summary judgment will be granted. [8]
An appropriate order and *715 decision will be entered.
Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on January 14, 1981. Neither petitioner appeared. However, they did file a response to respondent's motion on January 7, 1981, in which they reiterate some of the same matters set forth in their petition and raise new constitutional arguments.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. The adjustments as determined by respondent in his notice of deficiency are as follows: ↩
Employee business expense
$ 1,276.00
$3Contributions,099.00
Casualty loss
700.00
Medical deduction
51.00
$ 5,126.00
4. Respondent has attached a true and correct copy of that return to his motion. We observe that petitioners did not sign the return; in the space reserved for their signatures appears the following language: "This violates the U.S. Constitution. We hereby invoke our 5th Amendment↩ right under U.S. Constitution."
5. See also, Roberts v. Commissioner,62 T.C. 834↩ (1974).
6. Sec. 61, IRC 1954, specifically includes as income compensation for services, including fees, commissions, and gross income derived from business. Federal reserve a notes constitute legal tender--"money"-- which must be reported on a taxpayer's return in accordance with his method of accounting. Cupp v. Commissioner,65 T.C. 68 (1975), affd. in an unpublished order 559 F.2d 1207 (3d Cir. 1977); Gajewski v. Commissioner,67 T.C. 181 (1976), affd. in an unpublished opinion 578 F.2d 1383 (8th Cir. 1978). A taxpayer is not entitled to a trial by jury in the U.S. Tax Court. Sec. 7453, 1954 Code. See Swanson v. Commissioner,65 T.C. 1180 (1976); Cupp v. Commissioner,supra;Gajewski v. Commissioner,supra; and Wilkinson v. Commissioner,71 T.C. 663 (1979). Petitioners' Fifth Amendment rights have not been abridged. See Richardson v. Commissioner,72 T.C. 818 (1979); Wilkinson v. Commissioner,supra;Roberts v. Commissioner,supra.↩
7. The Court's language in Hatfield,↩ so true when stated on September 12, 1977, is all the more impelling today because of the ever increasing caseload of this Court.
8. Although we considered imposing damages against petitioners pursuant to section 6673, Internal Revenue Code of 1954, as amended, we did not do so since, in our view, no showing has been made in this case that the petition was filed merely for delay. But see and compare, Sydnes v. Commissioner,74 T.C. 864 (1980), on appeal 8th Cir., Nov. 1980; Greenberg v. Commissioner,73 T.C. 806 (1980); and Wilkinson v. Commissioner,supra,↩ where damages were imposed.