PRINCESS E.-L. LINGHAM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lingham v. Commissioner
Docket No. 8587-79.
United States Tax Court
T.C. Memo 1981-42; 1981 Tax Ct. Memo LEXIS 702; 41 T.C.M. (CCH) 804; T.C.M. (RIA) 81042; February 2, 1981. Princess E.-L. Lingham, pro se. Anne Hintermeister, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined deficiencies in petitioner's income tax and additions to tax for negligence under section 6653(a) [1] as follows: Addition
Year ended
Deficiency
to tax
December 31, 1974
$ 3,142.00
$ 157.00
December 31, 1975
3,395.15
171.00
December 31, 1976
3,131.00
157.00
The deficiency notice quoted from a prior opinion of this Court in Lingham v. Commissioner, T.C. Memo. 1977-152, taxpayer's appeal dismissed nolle pros. (2d Cir. June 5, 1978), *703 warning petitioner that, in future litigation, the Court might see fit to award damages under section 6673, and, in his answer, respondent claims damages in the amount of $ 500 pursuant to that section. This case is before us on respondent's motion for judgment by default or dismissal for failure properly to prosecute and for damages as set forth above. It is still another chapter--at least the fifth-in the saga of litigation by this petitioner in this Court. See Lingham v. Commissioner, supra; Lingham v. Commissioner, T.C. Memo. 1974-303; Lingham v. Commissioner, T.C. Memo. 1967-228, affd. per curiam 410 F.2d 754 (2d Cir. 1969); Lingham-Pritchard v. Commissioner, T.C. Memo. 1964-185, affd. per curiam 347 F.2d 377 (2d Cir. 1965). [2] The details of this chapter may be summarized as follows: (a) The *704 deficiency notice was issued under date of March 27, 1979, and a petition was filed on June 22, 1979. Petitioner resided in New York, N.Y., at the time the petition was filed. Petitioner filed her returns for the years involved with the Internal Revenue Service, P.O. Box 3100, Church Street Station, New York, N.Y. (b) The respondent's answer was filed on August 20, 1979, in which he set forth his above-mentioned claim for damages. Petitioner filed her reply (labeled "ANSWER") on August 29, 1979, in which she did not address the substantive issues in the case or respondent's claim for damages. [3]
(c) Respondent wrote to petitioner on October 30, 1979, inviting her to a conference and requesting that she bring her canceled checks with her.Petitioner replied by letter dated November 8, 1979, stating that a conference was premature. (d) The invitation to a conference was repeated by respondent in a letter dated November 29, 1979, to which petitioner *705 responded, stating that she would first be available for a conference on December 24, 1979. (e) Petitioner and respondent's counsel met on December 31, 1979. Petitioner brought records for 1977 rather than the years at issue. According to respondent, petitioner said she would attempt to locate her records for the years at issue and would contact respondent's counsel to schedule another meeting. (f) On September 30, 1980, the Clerk of the Court sent to the parties a Notice Setting Case for Trial at 1:00 p.m. on January 12, 1981, in Room 206, Federal Building, 26 Federal Plaza, New York, N.Y. At the same time, the Clerk sent to the parties a memorandum which contained the following: In accordance with Rule 91 [Tax Court Rules of Practice and Procedure], all facts are to be stipulated to the maximum extent possible. Judge Tannenwald expects all written evidence to be stipulated, except where a question of authenticity is involved or the written evidence is to be used to impeach the credibility of a witness. Any objections on the grounds of materiality or relevancy may be reserved in the stipulation. (g) On October 14, 1980, respondent again wrote petitioner, advising *706 her that her case was calendared for the January 12, 1981, trial session and of her obligation to produce documents and cooperate in preparing a stipulation of facts. Petitioner replied by an undated letter in which she merely set forth a description of problems she was having with the New York State tax authorities.
(h) By letter dated November 28, 1980, petitioner advised respondent's counsel that her records for the years in issue were "discarded in the moving." (i) On December 18, 1980, respondent reported to the Court that petitioner had not cooperated with respondent in the preparation of a meaningful stipulation of facts and that he was forwarding a minimal stipulation of facts to petitioner, which he did on December 19, 1980. (j) On December 29, 1980, the Court wrote to petitioner, enclosing a copy of respondent's above-mentioned report on stipulation, dated December 18, 1980, again calling petitioner's attention to her obligations under Rule 91, Tax Court Rules of Practice and Procedure (and enclosing a copy thereof), and to the fact that she had the burden of proof on all issues raised by the notice of deficiency and that lost records did not constitute sufficient *707 grounds for relieving her of that burden, citing Gizzi v. Commissioner,65 T.C. 342 (1975), and Burnet v. Houston,283 U.S. 223 (1931). The Court's letter also warned petitioner that her failure to cooperate with respondent's counsel in preparing a stipulation of facts could result in a dismissal of her case and the entry of a decision against her for the full amounts set forth in the notice of deficiency. (k) By letter dated January 5, 1981, received by the Court on January 8, 1981, petitioner responded to the Court's letter of December 29, 1981, by merely referring to a letter she had written to the Court in December. The latter letter, dated December 27, 1980, was finally received by the Court on January 8, 1981, and by the Judge to whom the January 12, 1981, trial session was assigned on January 9, 1981. In that letter, petitioner asked that her case be canceled for January 12, that she had turned over her business to the New York State United Teachers Legal Service Plan and that, because of illness, she had not been "able to get all the papers to transfer." Prior to the receipt of the December 27, 1980, letter, the Court had responded to the *708 petitioner's letter dated January 5, 1981, stating that she was expected to appear in person or through an attorney at the call of the calendar at 1:00 p.m. on January 12, 1981, or, if that time was not convenient, at a later time that afternoon up to 5:00 p.m. (1) The case was called in New York, N.Y., on January 12, 1981, and again on January 13, 1981. Petitioner did not appear, nor did anyone appear on her behalf, on either occasion. After the trial session in New York was concluded, the Court received in Washington, on January 15, 1981, an undated letter from petitioner, in which she stated that she was ill and had been forbidden "to go out in extremes." [4]
We see no point in setting forth the details of the substantive issues herein other than to note that they appear, in large part, to be either similar to, or identical with, issues which we have dealt with at length in the opinions in the earlier cases involving this petitioner and cited at p. 2, supra. While, under other circumstances, we might have been disposed not to insist on petitioner's *709 attendance at the January 12, 1981, trial session, [5] we think that, under all the circumstances herein, we should not continue this case for further proceedings. In the first place, as far as we know, petitioner made no attempt to have anyone appear on her behalf, although she speaks of having contacted a source for legal assistance. Moreover, petitioner made no effort to contact the Court by telephone while the January 12 trial session was proceeding, although she knew where the Court was sitting and its telephone number was readily available in the Manhattan telephone directory. Finally--and most importantly--the Court's past experience with this petitioner certainly does not suggest that any further proceedings would be productive of anything beyond frustration. Accordingly, we grant respondent's motion for judgment by default. With respect to respondent's claim for damages, we think that, under all the circumstances herein (particularly the Court's warning to petitioner in T.C. Memo. 1977-152) *710 and the opinions of this Court in Sydnes v. Commissioner,74 T.C. 864 (1980), and Greenberg v. Commissioner,73 T.C. 806 (1980), damages in the amount of $ 500 should be awarded the United States under section 6673. That amount clearly cannot compensate for the time and effort which this Court (as well as respondent) has devoted to petitioner's continued insistence on litigating issues over and over again. See Sydnes v. Commissioner,supra at 872. We are not unaware of the fact that the courts are expected to exhibit a high degree of tolerance for litigants, particularly those who represent themselves, and this Court has traditionally stayed its hand even when its feelings of frustration have seemed unbearable. But we think that this petitioner has drunk enough from the trough of this Court's tolerance and that the taxpaying public is entitled to better use of the judicial resources for which it pays. An appropriate order and decision will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue.↩
2. There are two other cases involving litigation by the petitioner in this Court. Lingham v. Commissioner, order of dismissal and decision entered January 18, 1972; Lingham v. Commissioner, 242 F.2d 750↩ (3d Cir. 1957), affg. an unreported order of dismissal of this Court.
3. Under Rule 37(c), Tax Court Rules of Practice and Procedure↩, "Where a reply is filed, every affirmative allegation set forth in the answer and not expressly admitted or denied in the reply, shall be deemed to be admitted."
4. At no time did petitioner furnish the Court with any evidence from her physician to support her claim of illness, etc.↩
5. We note, however, that a motion for continuance filed 30 days or less prior to the date of the trial session will ordinarily be denied. Rule 134, Tax Court Rules of Practice and Procedure.↩