ELNA C. ELLIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ellis v. Commissioner
Docket No. 7237-81.
United States Tax Court
T.C. Memo 1981-362; 1981 Tax Ct. Memo LEXIS 387; 42 T.C.M. (CCH) 391; T.C.M. (RIA) 81362; July 13, 1981. Elna C. Ellis, pro se. Bernard Oster and Robert T. Hollohan, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion to dismiss based upon failure to state a claim upon which relief can be granted. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*388 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL: Special Trial Judge: This case is presently before the Court on respondent's motion to dismiss based upon failure to state a claim upon which relief can be granted, filed on May 18, 1981, pursuant to Rules 40, 53, and 123, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioner on January 19, 1981, determined a deficiency in petitioner's Federal income tax and an addition to the tax for the taxable calendar year 1977 in the following respective amounts: Addition to Tax, IRC 1954 [3]
Income Tax
Sec. 6653(a)
$ 2,210.00
$ 110.50
The adjustments to income as determined by respondent in his notice of deficiency are as follows: Rental income and expenses
$ 3,714.00 Miscellaneous business expense
1,108.00 Medical expense
2,161.00 Contributions
1,877.00 Sales tax
( 19.00)
$ 8,841.00 In paragraph 4 of the petition it is alleged *389 that respondent erred in his determination of the deficiency in tax for the following reasons: A. The Petitioner is not subject to the tax. Petitioner is an individual, has no state granted privileges, only Constitutional rights which she will not waive or exchange for privileges. B. The Commissioner computed the tax liability on the basis of arbitrary and capricious conduct. C. The Petitioner received a report of Individual Income Tax Examination changes. A form with no lawful authorization and no common law jurisdiction. D. Respondent has acted in bad faith with respect to sending Report of Individual Income Tax Examination changes report asking Petitioner to acknowledge this as a true, correct and complete assessment of her taxes. * * * E. Petitioner disclaims being a taxpayer with respect to any tax liability, alleged due and owing under the jurisdiction of the Internal Revenue Service which is a branch of the Executive branch of Government. F. The constitutional convention which drafted the Constitution mandated a direct tax which was to be apportioned. * * * G. The other tax was to be an indirect or excise tax. It was to be uniform. Both were to *390 be laid and collected on a voluntary basis. H. Petitioner finds that there are sections in the code which impose criminal sanctions on those not volunteering to pay the so-called Individual Income Tax. I. Petitioner is not required to waive her fourth and fifth amendment rights when she complies with the paying of a direct and indirect tax as mandated in the Constitution. J. Petitioner alleges that the Respondent is a wrong doer and a person conspiring to do harm and an injustice to the Petitioner. In paragraph 5 of the petition petitioner reiterates some of her reasons set forth hereinabove. In her objection filed on June 19, 1981, she further asserts her rights under the First and Ninth Amendments and demands a jury trial. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error." No justiciable error has been alleged in the petition with *391 respect to the Commissioner's determinations, and no justiciable facts in support of such error are extant therein. Rather, petitioner consumes her entire petition raising, in the main, a plethora of constitutional arguments. It is well established that this Court generally will not look behind a deficiency notice to examine the evidence used or the propriety of the Commissioner's motives or of the administrative policy or procedures involved in making his determination. Proesel v. Commissioner, 73 T.C. 600 (1979); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974); Human Engineering Institute v. Commissioner, 61 T.C. 61, 66 (1973). Petitioner has made no showing in this record that the foregoing holding should not be applicable to this case. Next, despite petitioner's insistance to the contrary, she is not entitled to a jury trial in this Court. Section 7453. Swanson v. Commissioner, 65 T.C. 1180 (1976); Wilkinson v. Commissioner, 71 T.C. 633 (1979). Petitioner's assertion of her First and Ninth Amendment rights in the context of this case is frivolous. Over 20 years *392 ago, in Muste v. Commissioner, 35 T.C. 913, 919 (1961), we stated: There is no doubt as to the sincerity of the petitioner's beliefs, but in our opinion he does not have the right to refuse to comply with the law, even though the policies of the Federal Government and the manner of expenditure of its revenues may not accord with the dictates of his conscience or religion. [Footnote omitted.] We have adhered to that view undeviatingly from 1961 continuously up to the present time. [4]
Furthermore, on February 7, 1980, we considered, fully discussed for the first time, and rejected a taxpayer's refusal to pay taxes based on the claim that the Ninth Amendment preserved one's right to do so. Tingle v. Commissioner, 73 T.C. 816 (1980). [5] There we stated at 820-821: The petitioner's claim of conscience runs into direct conflict with the express power to levy and collect taxes. Article I, section *393 8, of the Constitution specifically provides that the Congress shall have power to lay and collect taxes, to provide for the common defense and general welfare of the United States, and to provide for and maintain an Army and a Navy. This article and the 16th Amendment to the Constitution empower the Congress to lay and collect taxes on incomes from whatever source derived. In exercising such authority, Congress has imposed a tax on incomes and has made no exceptions for those persons who have moral or conscientious objections to the use of the taxes so collected. * * * [6] [Emphasis added.] "General grievances against the policies of the Government, or against the tax system as a whole, are not the types of controversies to be resolved in the courts; Congress is the appropriate body to which such matters should be referred." Tingle v. Commissioner, supra at 822-823. The constitutionality of the Federal *394 income tax laws passed since the enactment of the Sixteenth Amendment has been upheld judicially on too many occasions for us presently to rethink the underlying validity thereof. See, e.g., Brushaber v. Union Pac. R.R. Co., 240 U.S. 1 (1916); Stanton v. Baltic Mining Co., 240 U.S. 103 (1916); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. in an unpublished opinion 559 F.2d 1207 (3d Cir. 1977). Moreover, the Sixteenth Amendment was enacted in response to the Supreme Court's decision in Pollock v. Farmers' Loan & Trust Co., 157 U.S. 429 (1895), which held unconstitutional the income tax of 1894 as a direct tax without apportionment. The "whole purpose" of the Sixteenth Amendment, as stated by the Supreme Court in Brushaber v. Union Pac. R.R. Co., supra at 18, was "to relieve all income taxes when imposed from opportionment from a consideration of the source whence the income was derived." Hence, since the ratification of the Sixteenth Amendment, it is immaterial, with respect to income taxes, whether the tax is a direct or an indirect tax. [7]
*395 It is clear beyond doubt that the constitutional arguments advanced by petitioner are frivolous. All of her contentions have been raised and fully discussed (adversely to petitioner's contentions) in the beforementioned opinions and in numerous other prior opinions of this and other courts. [8] On this very point, which is totally pertinent to this case, in Hatfield v. Commissioner, 68 T.C. 895, 899 (1977), we had this to say: *396 In recent times, this Court has been faced with numerous cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. [9]
Finally, while it may be somewhat repetitious, the following recent forewarning in McCoy v. Commissioner, 76 T.C.     (filed June 15, 1981), merits repeating herein: It may be appropriate to note further that this Court has been flooded with a large number of so-called tax protester cases in which thoroughly meritless issues have *397 been raised in at best misguided reliance upon lofty principles. Such cases tend to disrupt the orderly conduct of serious litigation in this Court, and the issues raised therein are of the type that have been consistently decided against such protesters and their contentions often characterized as frivolous. The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions. The record here is crystal clear. Petitioner has not assigned any justiciable error with respect to the substantive adjustments to her income which were made by respondent in his notice of deficiency. Nor has petitioner alleged any justiciable facts to show that respondent erred in determining those adjustments. The document filed as a petition is not in conformance with this Court's Rules of Practice and Procedure and does not state a claim upon which we can grant any relief. [10] The absence in the petition of specific justiciable allegations of error and of supporting facts permits this Court to *398 grant respondent's motion. Rule 123(b); cf., Klein v. Commissioner, 45 T.C. 308 (1965); Goldsmith v. Commissioner, 31 T.C. 56 (1958); Weinstein v. Commissioner, 29 T.C. 142 (1957). On this record, we are compelled to sustain respondent's determination, and his motion will be granted. [11]
An appropriate order and decision will be entered. Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on June 17, 1981. Petitioner did not appear. However, she did file an objection to respondent's motion on June 9, 1981.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
4. See Wright v. Commissioner, T.C. Memo. 1981-65↩.
5. The Ninth Amendment↩ reads as follows: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."
6. See Donaghy v. Commissioner, T.C. Memo. 1980-580, and Marx v. Commissioner, T.C. Memo. 1980-405, which followed Tingle v. Commissioner, 73 T.C. 816 (1980), in rejecting Ninth Amendment↩ pleas.
7. See also Roberts v. Commissioner, 62 T.C. 834↩ (1974).
8. See Richardson v. Commissioner, 72 T.C. 818 (1979) (Fourth, Fifth, Ninth, and Tenth Amendments); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. in an unpublished order 559 F.2d 1207 (3d Cir. 1977) (First, Fourth, Sixth, Seventh, and Sixteenth Amendments); Porth v. Brodrick, 214 F.2d 925 (10th Cir. 1954); Meyers v. Commissioner, T.C. Memo. 1980-579; Egan v. Commissioner, T.C. Memo. 1980-560; Myers v. Commissioner, T.C. Memo. 1980-549; Treshman v. Commissioner, T.C. Memo. 1980-526; Upton v. Commissioner, T.C. Memo. 1980-325; Fleck v. Commissioner, T.C. Memo. 1980-281; and Wharton v. Commissioner, T.C. Memo. 1980-253↩. In addition, respondent, in his memorandum of points and authorities, a copy of which was served on petitioner, cites other cases pertinent to the matter at bar. We see no reason to further burden this opinion by again reciting herein those relevant opinions.
9. The Court's language in Hatfield↩, so true when stated on September 12, 1977, is all the more impelling today because of the ever increasing caseload of this Court.
10. Indeed, if all the allegations of fact contained in the petition were taken as true, they would fail to state a claim upon which this Court could grant any relief.↩
11. Although we considered imposing damages against petitioner pursuant to section 6673, Internal Revenue Code of 1954, as amended, we did not do so since, in our view, no showing has been made in this case that the petition was filed merely for delay. But see and compare, Sydnes v. Commissioner, 74 T.C. 864 (1980), affd.     F.2d     (8th Cir. 1981); Greenberg v. Commissioner, 73 T.C. 806 (1980); and Wilkinson v. Commissioner, 71 T.C. 633↩ (1979), where damages were imposed.