GORDON B. LEITCH, JR. AND MARY C. LEITCH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Leitch v. Commissioner
Docket No. 7771-81.
United States Tax Court
T.C. Memo 1981-504; 1981 Tax Ct. Memo LEXIS 239; 42 T.C.M. (CCH) 1058; T.C.M. (RIA) 81504; September 14, 1981
Thomas Meyerer, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Marvin F. Peterson for hearing on August 5, 1981, at Washington, D.C., on respondent's motion for summary judgment. After a review of the record, we agree with and adopt the Special Trial Judge's opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: This case is before the Court for hearing on respondent's motion for summary judgment. Respondent determined deficiencies of $ 9,684 and $ 8,989 in petitioners' 1977 and 1978 Federal income tax. Petitioners were residents of Portland, Oregon, when they filed their 1977 and 1978 Federal income tax returns with the Western Region Internal Revenue Service Center *240 in Ogden, Utah, and when they filed their petition in this case. In his notice of deficiency respondent determined that petitioners understated their adjusted gross income, itemized deductions, and personal exemptions for each of the years 1977 and 1978, as follows: 1977
1978
Adjusted Gross Income
$ 54,038
$ 55,829
Itemized Deductions
13,257
15,784
Personal Exemptions
4,593
4,687
Petitioners do not dispute respondent's adjustments to income, except that they maintain respondent erred by failing to compute their income for 1977 and 1978 in terms of a "specie" dollar which is calculated by discounting the face value of Federal reserve notes to reflect the amount of gold reserves backing such notes. Petitioners contend that under the Constitution of the United States gold and silver are the only measures of money. This identical issue was litigated and decided adversely to petitioners Gordon B. Leitch, Jr. and Mary C. Leitch in Leitch v. Commissioner, T.C. Memo. 1979-75, affd. in an unpublished opinion 652 F.2d 63 (9th Cir. 1981), certiorari applied for July 23, 1981, which reads as follows: The Tax Court's grant *241 of summary judgment to the Commissioner is affirmed. Taxpayers' contention that income received in federal reserve notes (paper currency) is taxable only at a discounted "specie" dollar value (reflecting the extent to which the notes are backed by gold reserves), rather than at face value, is frivolous. United States v. Wangrud, 533 F.2d 495 (9th Cir. 1976), cert. denied, 429 U.S. 818 (1976). Accordingly, we conclude that respondent correctly determined petitioners' income and deductions in the dollar amounts as set forth in the notice of deficiency. Therefore, on the basis of the record in this case, there is no genuine issue of material fact regarding the issues and respondent is entitled to prevail as a matter of law. Respondent's motion for summary judgment will be granted. Respondent has also requested that the Court award damages pursuant to section 6673, Internal Revenue Code. In cases like this, where petitioners have previously submitted frivolous and meritless claims, [1] the Court will award such damages. See Sydnes v. Commissioner, 74 T.C. 864, 870-872 (1980), affd. 81-1 USTC Par. 9393, 47 AFTR2d 81-1417 *242 (8th Cir., April 29, 1981). See also McCoy v. Commissioner, 76 T.C. 1027 (1981), where we stated (p. 1029): It may be appropriate to note further that this Court has been flooded with a large number of so-called tax protester cases in which thoroughly meritless issues have been raised in, at best, misguided reliance upon lofty principles. Such cases tend to disrupt the orderly conduct of serious litigation in this Court, and the issues raised therein are of the type that have been consistently decided against such protesters and their contentions often characterized as frivolous. The time has arrived when the Court should deal summarily and *243 decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions. Therefore, in these circumstances the maximum damages authorized by law ($ 500) are appropriate and will be awarded under section 6673. An appropriate order and decision will be entered. Footnotes
1. Arguments similar to those made by petitioners in their prior case, and again in the present case, have been uniformly rejected and variously characterized by the Courts of Appeals as "frivolous" in United States v. Daly, 481 F.2d 28, 30 (8th Cir. 1973), cert. denied 414 U.S. 1064 (1973); as "without merit" in United States v. Schmitz, 542 F.2d 782, 785 (9th Cir. 1976); and as "groundless" in United States v. Anderson, 584 F.2d 369, 374↩ (10th Cir. 1978).