JEROME FRANCIS DONELIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Donelin v. Commissioner
Docket No. 6628-82.
United States Tax Court
T.C. Memo 1984-131; 1984 Tax Ct. Memo LEXIS 544; 47 T.C.M. (CCH) 1286; T.C.M. (RIA) 84131; March 15, 1984. Jerome Francis Donelin, pro se. William V. Spatz, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined the following deficiencies and additions to tax in respect of petitioner's income taxes for the years 1977-1979: Additions to Tax, I.R.C. 1954,
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
1977
$2,547
$637
$127
$91
1978
175
44
9
6
1979
1,811
453
91
75
Petitioner is a tax protester and has not undertaken to show any error in respect of the various items attributed to him by the Commissioner in the determination of deficiencies. However, a stipulation of facts filed by the parties, which is incorporated herein by reference, either supports or is consistent with the Commissioner's *545 determination. The parties have stipulated that "Petitioner filed no federal income tax returns for the calendar years 1977, 1978 and 1979 with the respondent." However, as to the year 1977, the stipulation recites that the petitioner "mailed a 1977 Form 1040 to the respondent that contained no financial information necessary to compute the petitioner's correct tax liability for that year," and that petitioner "used the word 'none' to describe his 'total income' for calendar year 1977." The foregoing Form 1040 was incorporated in the stipulation of facts, and the following words appear along the margin of that form: I do not under stand [sic] this return nor the laws that may apply to me.This means that I take specific objection under the 4th or 5th amendments (Sullivan Garner, Bishop, & Murdock U.S. vs.) of the United States Constitution to the specific question. Note: I did not receive any constitutional dollars containing 412.5 grains of silver. I offer to amend or file again if you can show me how to do so without waiving my constitutional rights, especially my 4th and 5th amendment rights. Although paragraphs 4 and 5 of the petition were required by the Rules of this *546 Court--Rule 34(b)(4) and (5) and Form 1, Appendix I--to set forth assignments of error and facts relied upon to support such assignments, [1] those paragraphs in the petition filed herein read in their entirety as follows: 4. The determination of tax set forth in the said notice of deficiency is based upon the following errors: I was not required to file. 5. The facts upon which the petitioner relies, as the basis of his case, are as follows: A.There is no law stating that I have to file a tax return. B. The Secretary of the Treasury is supposed to bill me if there is any taxes due. C. I am not compelled to be a witness against myself. (Fifth Amendment Right) D. The tax system is based upon voluntary compliance and I choose not to volunteer. *547 Petitioner's position is utterly without merit and does not warrant further discussion. His contentions have been repeatedly and uniformly rejected by the courts. [2]
Petitioner has placed great emphasis upon various statements culled from judicial opinions, remarks or reports of former Commissioners of Internal Revenue, and other writings to the effect that the income tax is based upon "voluntary compliance," and he announces boldly that he does not volunteer to comply. This is nothing but arrogant sophistry. Implicit in the statements relied upon by him to the effect that the system is based upon voluntary compliance is the known fact that, in spite of its extensive bureaucracy and technical equipment, the manpower and facilities of the IRS for policing compliance by every taxpayer are limited and that the effectiveness of the system depends upon the taxpayer's *548 voluntary obedience to the law. These statements certainly were never intended to suggest that the internal revenue laws were self-destructive. Yet, this is precisely what petitioner's argument comes down to, for if he were correct, Congress has supplied every taxpayer with a facile device for totally avoiding all liability by simply declaring that he does not choose to comply. We cannot find that Congress ever intended any such absurd result. What we said in the case of another tax protester may well be repeated here ( McCoy v. Commissioner,76 T.C. 1027, 1029-1030 (1981), affd. 696 F.2d 1234 (9th Cir. 1983)): It may be appropriate to note further that this Court has been flooded with a large number of so-called tax protester cases in which thoroughly meritless issues have been raised in, at best, misguided reliance upon lofty principles. Such cases tend to disrupt the orderly conduct of serious litigation in this Court, and the issues raised therein are of the type that have been consistently decided against such protesters and their contentions often characterized as frivolous. The time has arrived when the Court should deal summarily and *549 decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions. Petitioner has failed to show any error in the Commissioner's determination. In view of the frivolous nature of petitioner's position, the Court is satisfied that these proceedings were instituted merely for delay, and, in accordance with section 6673, I.R.C. 1954, damages against petitioner in the amount of $500 will be awarded [3] to the United States. Decision will be entered for the respondent.
Footnotes
1. RULE 34. PETITION * * * (b) Content of Petition in Deficiency or Liability Actions: The petition in a deficiency or liability action shall contain (see Form 1, Appendix I): * * * (4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability. The assignments of error shall include issues in respect of which the burden of proof is on the Commissioner. Any issue not raised in the assignment of errors shall be deemed to be conceded. Each assignment of error shall be separately lettered. (5) Clear and concise lettered statements of the facts on which petitioner bases the assignments of error, except with respect to those assignments of error as to which the burden of proof is on the Commissioner.↩
2. Petitioner's determined effort to defeat his liability for all income taxes, like that of other tax protesters, if successful, would be destructive of our income tax law. His position is in sharp contrast to that of his wife during the years in issue, who filed separate returns reporting her own earnings.↩
3. Sydnes v. Commissioner,74 T.C. 864, 870-873 (1980), affd. 647 F. 2d 813 (8th Cir. 1981); Greenberg v. Commissioner,73 T.C. 806, 813-816 (1980); Wilkinson v. Commissioner,71 T.C. 633, 639-643 (1979). Cf. Steinbrecher v. Commissioner,712 F. 2d 195, 199 (5th Cir. 1983); Knighten v. Commissioner,702 F. 2d 59, 61 (5th Cir. 1983); Edwards v. Commissioner,680 F. 2d 1268, 1271↩ (9th Cir. 1982).