ESTATE OF KATHERINE LOGAN CLAPP, deceased, HARVEY R. CLAPP, III, Personal Representative, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Clapp v. Commissioner
Docket No. 18993-80.
United States Tax Court
T.C. Memo 1983-721; 1983 Tax Ct. Memo LEXIS 63; 47 T.C.M. (CCH) 504; T.C.M. (RIA) 83721; December 5, 1983. Harvey R. Clapp, III, pro se. John F. Dean, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent determined a deficiency of $104,753.82 in petitioner's estate tax. After concessions by the parties, it remains for us to determine the October 16, 1976 fair market value of three tracts of Illinois farmland. Some of the facts have been stipulated and are so found. Katherine Logan Clapp died on October 16, 1976. Harvey R. Clapp, III, the personal representative of the decedent's estate, resided in Baltimore, Maryland, when the petition in this case was filed. The decedent died possessed on interests in three pieces of rural Illinois real estate. The first such property, hereinafter referred to as tract 1, was 318-acre farm located *64 in Menard County, Illinois, improved by a house, several outbuildings and two metal grain bins. Decedent held a 100-percent beneficial interest in tract 1 at the time of her death. The second property, hereinafter referred to as tract 2, was an unimproved farm of 129 acres located in Menard County, Illinois. Decedent held a 100-percent beneficial interest in tract 2 at the time of her death. The third property, hereinafter referred to as tract 3, was a 280-acre farm located in Sangamon County, Illinois, improved by a small frame house, various outbuildings, and two metal grain bins. Decedent held an undivided one-third beneficial interest in tract 3 at the time of her death. All three tracts contain upland prairie soils, including Sable silty clay loam, Tama silt loam, and Ipava silt loam. On its estate tax return, petitioner valued tract 1 at $693,700, tract 2 at $270,900, and tract 3 at $616,000. Petitioner then reduced the estimated value of tract 3 by 15 percent to reflect the form of decedent's interest in it and divided the result by 3, thus valuing decedent's undivided one-third interest at $174,533. In his notice of deficiency, respondent valued tract 1 at $1,027,600; *65 tract 2 at $406,350; and decedent's interest in tract 3 at $303,333. [1]
The value of a decedent's gross estate is determined by including, with certain exceptions not here relevant, the value at the time of death of all the decedent's property, including real property. Sec. 2031. [2]Section 20.2031-1(b), Estate Tax Regs., defines "value at the time of death" for purposes of section 2031 as "the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts." *66 Valuation disputes present questions of fact that are particularly intractable to judicial determination. See Messing v. Commissioner,48 T.C. 502, 512 (1967). [3] The burden of proof in such disputes falls on the taxpayer. Rule 142(a). Each party to the present dispute offered the report and testimony of an expert witness [4] in support of its position. [5] For various reasons we find these experts unpersuasive, and we choose not to accept in total the conclusions of either. Each expert discussed various comparable sales of Illinois farmland in valuing the subject property. Only one comparable sale was relied on by both experts. Given the state of the record before us, we believe that this comparable provides the best benchmark of the value of the subject properties. *67 On June 25, 1977, a 146.36 acre tract of farmland located five and one-half miles northwest of tract 1 was sold at public auction for $3,015 an acre. This tract was made up of Ipava, Sable, and Bolivia silt loam soils. It was improved by a 5-room house, a 7,000 bushel grain bin, and various other buildings, having a value of approximately $15,000. Because both parties agree that the price of Illinois farmland rose between the valuation date, October 16, 1976, and the date of the comparable sale, June 25, 1977, it is necessary to discount the price of the comparable. Petitioner's expert suggested a discount factor of approximately.866 for the period in question, i.e., he suggested that the value of Illinois farmland increased approximately 15 percent from October 1976 to June 1977. Respondent's expert did not offer an opinion on what discount to apply to the June 25, 1977 sale to arrive at the October 16, 1976 value, and on brief, respondent does not question the discount suggested by petitioner's expert.[6] We will therefore accept the discount suggested by petitioner's expert. *68 Applying the discount factor as discussed above gives a value of $2,610.99 per acre. The improvements on the comparable were worth approximately $15,000. Since the property consisted of 146.36 acres, the October 16, 1976 value of the bare land was $2,510 per acre (rounded). We are satisfied that this value is comparable to the October 16, 1976 value of the subject properties, apart from the improvements thereto, and we find and hold that the value of the bare land of tracts 1, 2 and 3 was $2,510 per acre. The record contains little information on the value of the improvements to tracts 1 and 3. The report adopted by petitioner's expert valued the improvements to tract 1 at $10,000, and the improvements to tract 3 at $14,000. Respondent's expert valued the improvements to tract 1 at $30,000, and the improvements to tract 3 at $20,000. Doing the best we can with the sparse record before us, we find and hold that the October 16, 1976 value of the improvements to tract 1 was $25,000, and that the October 16, 1976 value of the improvements to tract 3 was $15,000. [7]
*69 Petitioner contends that the value we have found for the decedent's undivided one-third interest in tract 3 must be discounted 15 percent to reflect the lack of marketability of an undivided fractional interest. Petitioner's expert testified that "there is a definite negative effect to having an undivided interest in farm real estate in Central Illinois," but did not explain how he arrived at the 15-percent figure. Respondent contends that application of a discount in the instant case is inappropriate. In Estate of Claflin v. Commissioner,2 B.T.A. 126 (1925), and Estate of Barclay v. Commissioner,2 B.T.A. 696 (1925), [8] we held that unless a taxpayer offers evidence that a partial interest in real property sells for less than its proportionate share of the entire value of the property, no discount will be applied. Since petitioner offered no evidence other that the bare opinion of its expert to support the contention that decedent's partial interest in tract 3, if sold, would have brought less than its aliquot portion of the value of tract 3, we *70 conclude that no discount should be applied in valuing decedent's interest in tract 3. Decision will be entered under Rule 155.
Footnotes
1. On brief respondent contends for the following values: tract 1 $1,015,000; tract 2, $390,000; decedent's interest in tract 3, $296,000.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Estate of Sophia P. Brownell v. Commissioner,T.C. Memo. 1982-632↩.
4. The expert report offered by petitioner was prepared by subordinates of its expert. ↩
5. Petitioner contends that the testimony and report of respondent's expert should be excluded because of a conflict of interest. Respondent's expert is a partner in a firm of appraisers. In 1977 petitioner hired the partner of respondent's expert to appraise portions of the decedent's estate. Respondent's expert, who was hired by respondent in 1981, testified that he was unaware that his partner had done appraisals for petitioner. There is no suggestion that respondent's expert received confidential information concerning the decedent's estate from his partner. Under the particular facts before us, we believe that the testimony and report of respondent's expert are admissible. Brooks Shoe Mfg. Co., v. Suave Shoe Corp.,716 F.2d 854 n. 16 (11th Cir. 1983); compare Miles v. Farrell,549 F. Supp. 82↩ (N.D. Ill. 1982).
6. Respondent did assert that land values in the area of the subject property were increasing at a rapid rate from 1973 through 1976.↩
7. Tract 1, 318 acres and improvements, we thus value at $823,180; tract 2, 129 unimproved acres, we value at $323,790; tract 3, 280 acres and improvements in which the decedent held a one-third interest, we value at $717,800, or $239,266.66 for the one-third interest.↩
8. Estate of Maria Iacono v. Commissioner,T.C. Memo. 1980-520↩.