C. FREDERICK AND PATRICIA B. FRICK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Frick v. Commissioner
Docket Nos. 6760-85; 28129-86
United States Tax Court
T.C. Memo 1989-86; 1989 Tax Ct. Memo LEXIS 75; 56 T.C.M. (CCH) 1368; T.C.M. (RIA) 89086; February 28, 1989
C. Frederick Frick, pro se. James M. Klein, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined income and excise tax deficiencies, as well as additions to tax with respect to the above petitioners as follows: Docket No. 6760-85
Year
Deficiency, Sec. 4972(a) [1] Excise Tax
1980
$ 2,053.52
1981
2,498.12
*80 Docket No. 28129-86
Income Tax
Additions to Tax, Sections
Year
Deficiency
6651(a)(1) [2]
6653(a)(1)
6653(a)(2)
6654
6661
1982
$ 16,694
-   $    835 *
- $ 1,666
1983
20,096
$ 2,443
1,005 **
$ 440
2,010
1984
9,153
189
458 ***
- 915
Deficiency
Excise Tax
Excise Tax
Additions to Tax
Year
Sec. 4972(a)
Sec. 4973(a)
Sec. 6651(a)(1)
1982
$ 3,152
120
818
1983
3,921
240
1,040
1984
3,921
360
1,070
After concessions, the following issues remain for decision: (1) Whether C. Frederick Frick was carrying on a trade or business during the tax years in dispute and, if he was, whether petitioners are entitled to deduct investor, automobile and home office expenses for tax year 1982; (2) Whether petitioners are entitled to deduct a partnership *81 loss of $ 1,853 in tax year 1982; (3) Whether petitioners are entitled to deduct contributions of $ 10,900 and $ 12,820 to a Keogh plan for tax years 1982 and 1983, respectively, and, if not, whether C. Frederick Frick is liable for an excise tax pursuant to section 4972, attributable to excess contributions to a Keogh plan for tax years 1980 through 1983; (4) Whether petitioners are entitled to a deduction for $ 2,000 for contributions to an individual retirement account for C. Frederick Frick in each of the tax years 1982, 1983 and 1984 and, if not, whether he is liable for an excise tax pursuant to section 4973, attributable to excess contributions to an individual retirement account during tax years 1982 through 1984; (5) Whether petitioners are liable for additions to tax for negligence pursuant to sections 6653(a)(1) and 6653(a)(2) for tax years 1982 through 1984; (6) Whether C. Frederick Frick is liable for additions to tax pursuant to section 6651(a)(1) for failure to file excise tax returns for excise taxes incurred pursuant to section 4972 in tax years 1982 through 1984 and section 4973 for tax years 1982 through 1984; (7) Whether petitioners are liable for an addition *82 to tax for underpayment of tax pursuant to section 6654 for tax year 1983; and (8) Whether petitioners are liable for damages to the United States under section 6673 for instituting and maintaining frivolous and groundless proceedings before this Court. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. C. Frederick ("Frick") and Patricia B. Frick, husband and wife, resided in Wauwatosa, Wisconsin, at the time they filed their petition herein. For the past 35 years (including the years in dispute), Frick has assisted struggling business ventures in need of additional financing. To this end, Frick has invested his personal funds in such business projects. Frick has derived income from this activity, as well as from his investments in stocks, bonds, bank accounts and real property. At no time has Frick provided investment advice to others. Frick made contributions of $ 10,900 and $ 12,820 to a Keogh plan in 1982 and 1983, respectively. He made no contribution in 1984. No amounts were ever withdrawn from the plan during the years at issue. In addition, *83 Frick made excess contributions to the Keogh plan during the preceding years in the following amounts: Year
Excess Contributions
1977
7,150.00
1978
4,755.33
1979
7,410.00
1980
7,410.00
1981
7,410.00
The Tax Court denied petitioners' income tax deductions for Frick's contributions to the Keogh plan for tax years 1979 through 1981 in docket Nos. 18824-83 and 24679-84, which were dismissed after this Court granted respondent's motion to dismiss for failure to properly prosecute. The income tax deduction for Keogh plan contributions by Frick for tax year 1977 was denied in part by the Tax Court in Frick v. Commissioner,T.C. Memo. 1983-733, affd. without published opinion 774 F.2d 1168 (7th Cir. 1985) ("Frick I"). The deduction for the Keogh plan contributions by Frick for tax year 1978 was denied entirely by the Tax Court in Frick v. Commissioner,T.C. Memo. 1985-542, affd. without published opinion 808 F.2d 837 (7th Cir. 1986) ("Frick II"). Petitioners deducted contributions made by Frick to an individual retirement account ("IRA") for tax years 1982 through 1984 in the amount of *84 $ 2,000 each year. Petitioners did not file returns (Form 5329) required to be filed by IRA owners for tax years 1982 through 1984. None of the contributions have been withdrawn from the IRA. Petitioners deducted automobile expenses of $ 5,267 in tax year 1982. They have not presented records substantiating this deduction. Petitioners also claimed an itemized deduction of $ 3597, entitled "Investor Expense" in tax year 1982. Petitioners have not explained the nature of this itemized expense. Petitioners claimed a deduction of $ 1,379 for home office expenses in tax year 1982. Petitioners have not substantiated this expense. Petitioners claimed a loss from a partnership entitled Ocean Data Inc. in the amount of $ 1,853 in tax year 1982. Petitioners have not explained the nature of this investment, nor the reason they deducted it as a loss. Respondent disallowed all of petitioners' above-mentioned deductions. In addition, respondent determined that Frick was liable for excise tax deficiencies for excess contributions to an IRA and to a Keogh plan, pursuant to sections 4973 and 4972, respectively. Respondent also determined that petitioners were liable for additions *85 to tax for: (i) failure to timely file excise tax returns pursuant to section 6651(a)(1), [3] (ii) negligence pursuant to sections 6653(a)(1) and 6653(a)(2), and (iii) failure to pay estimated taxes pursuant to section 6654. OPINION Petitioners bear the burden of proving that they are entitled to the deductions and losses that respondent has disallowed; petitioners also bear the burden of proving that respondent erred in determining excise taxes for excess contributions to the IRA and Keogh accounts. Rule 142(a). (1) Trade or Business Most of the deductions taken by petitioners are contingent upon our finding that Frick was engaged in a trade or business under section 162 or that his expenses were deductible under section 212 because they bore a *86 reasonable and proximate relation to the production of taxable income or to the management of property held for the production of income. We addressed the question of whether Frick was engaged in an activity that qualified under sections 162 or 212 in Frick I and Frick II. As he did in both earlier cases, Frick claims that his practice of investing in business ventures, as well as in stocks, bonds and real property, constitutes a trade or business: investing. The determination of whether Frick's investment activities constitute a trade or business must be determined by a test of the facts and circumstances of his particular case. Commissioner v. Groetzinger,480 U.S. 23 (1987); Higgins v. Commissioner,312 U.S. 212 (1941). The Supreme Court has held that investing, by itself, does not constitute a trade or business. Higgins v. Commissioner, supra; Commissioner v. Groetzinger, supra.The taxpayer in Higgins had a large sum invested *87 in real estate, bonds and stock. The taxpayer retained a staff to help him oversee his investments and to collect income from such investments. The Second Circuit concluded that "By the common speech of men, a person who does nothing beyond looking after his own investments and receiving the income from them is not conducting a trade or business." Higgins v. Commissioner,111 F.2d 795, 796-797 (2d Cir. 1940). The Supreme Court affirmed, concluding that the keeping of records and collecting of investment income did not, by itself, constitute carrying on of a trade or business, and that a facts and circumstances test was required in each case to determine if a taxpayer was actually carrying on a trade or business. Petitioners have failed to prove that Frick engaged in any activity other than investing for his own account. We therefore conclude, as we did in both Frick I and Frick II, that Frick was not carrying on a trade or business. Frick has not substantiated or explained any of the investment expense deductions of $ 3,597 or the away from home automobile expense deductions of $ 5,267 that he took in 1982. Nor has he substantiated his automobile expenses *88 in the fashion required by section 274(d), which provides that no deduction shall be allowed for travel away from home expenses unless the taxpayer substantiates the amount of the expenditure, the time and place of travel and the business purpose of the travel. Sec. 1.274-5(b), Income Tax Regs. The investment and away from home automobile expense deductions -- unexplained and unsubstantiated -- are accordingly disallowed. Furthermore, both deductions are not deductible because petitioners have not proven that they incurred such expenses in connection with their investment activities. Thus, these expenses were not incurred for the production of income. Sec. 212; sec. 1.212-1(a), Income Tax Regs.
No deduction is allowable for the use of a residence, except for such portion of the residence which is used exclusively on a regular basis as the principal place of business for any trade or business of the taxpayer or as a place of business used by patients, *89 customers or clients in meeting or dealing with the taxpayer in the normal course of his trade or business. Sec. 280A(a); sec. 280A(c)(1). One must be engaged in a trade or business in order to claim deductions for home office expenses. Since Frick was not carrying on a trade or business, we sustain respondent's determination concerning the home office expense, just as we did in Frick I.
(2) Partnership Loss Deduction Petitioners have presented no evidence substantiating their $ 1,853 loss deduction for tax year 1982 concerning their interest in Ocean Data, Inc. Petitioners bear the burden of proof on this issue. Rule 142(a). In the absence of any evidence or explanation presented by petitioners, we affirm respondent's disallowance of this loss. (3) Keogh Plan Contribution Deduction Section 62(a)(7) provides for a deduction for contributions made to Keogh plans. During the years in question, section 404(e)(1) provided that contributions by self-employed taxpayers to a Keogh plan could not exceed the lesser of $ 15,000 or 15 percent of that taxpayer's earned income derived from the trade or business with respect to which the plan was established. *90 Earned income is defined as the net earnings from self-employment (pursuant to section 1402(a)), but only with respect to a trade or business in which personal services rendered by the taxpayer are a material income producing factor. Sec. 401(c)(2)(A). Earned income includes professional fees and other amounts received as compensation for personal services actually rendered. Sec. 1.401-10(c)(3), Income Tax Regs. We addressed the issue of investment income qualifying for Keogh contributions in Frick I:
Investment income was not included in earned income. This is apparent from the legislative history of section 404(c) which states that "[s]ince the objective of [a qualified plan for the self-employed] is to provide retirement benefits based on personal services, inactive owners who derive their income entirely from investments would not be allowed to participate." S. Rept. No. 992, 87th Cong., 1st Sess. 12 (1961), 1962-3 C. B. 303, 314. Frick v. Commissioner,T.C. Memo. 1983-733, 47 T.C.M. 504, 572, 52 P-H Memo T.C. par. 83,733 at 83-3075. *91 Frick did not have earned income for 1982 and 1983, as required by section 404(e); accordingly, we sustain respondent on this issue, as we did in the earlier Frick cases. A six-percent excise tax is imposed on the amount of "excess contributions" to a retirement plan for self-employed individuals. Sec. 4972. An "excess contribution" to a Keogh plan is defined as the excess of (1) the amounts contributed under the Keogh plan for the current year and the prior years, over (2) the amounts deductible for these years. Sec. 4972(b). Since Frick was not eligible to deduct any of his contributions to the Keogh plan in the years before us, nor did he withdraw any such excess contributions, all amounts that he contributed to the Keogh plan were deemed excess contributions and are subject to the six-percent excise tax. This provision is cumulative. Therefore, the excise tax herein is applicable to all excess contributions made by Frick. Respondent's determinations are sustained. (4) IRA Contribution Deductions For the years before us, an individual taxpayer may deduct contributions to an IRA that do not exceed the lesser of $ 2,000 or such individual's compensation. Sec. 219(b)(1). *92 Compensation includes earned income, as defined in section 401(c)(2), including the net earnings from self-employment with respect to a trade or business in which personal services of the taxpayer are a material income-producing factor, as well as for a taxpayer who is an employee. Frick failed to prove that he had earned income in the tax years in question. Therefore, he is not entitled to deduct his IRA contributions in 1982, 1983 and 1984. Respondent has determined the six-percent excise tax on the amount of excess contributions to Frick's IRA. Sec. 4973(a). An excess contribution to an IRA is defined as the amount actually contributed to an IRA for the tax year over the amount allowable as a deduction. Sec. 219. None of the contributions Frick made to his IRA were deductible under section 219, nor were they returned to him; therefore, the entire amount Frick contributed is an excess contribution, subject to the cumulative six-percent excise tax. Sec. 4973(a). Respondent is sustained. (5) Additions to Tax for Negligence Section 6653(a)(1) provides an addition to tax in the amount of 5 percent of the underpayment of tax if any part of the underpayment is due to negligence *93 or intentional disregard of the rules and regulations. In addition, section 6653(a)(2) imposes a further addition to tax in an amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence. Negligence is defined as a failure to exercise the due care that a reasonable and ordinarily prudent person would under the circumstances. Neely v. Commissioner,85 T.C. 934, 947 (1985). Petitioners have the burden of proof. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). Petitioners have failed to maintain and make available records sufficient to establish the amount of gross income and deductions which they have shown on their returns. Sec. 1.6001-1(a), Income Tax Regs. Petitioners have failed to even provide explanations for their deductions, most of which were disallowed. Furthermore, petitioners were aware that the positions they had taken on previous years' returns had been challenged by respondent and rejected by this Court. See Frick I and Frick II, supra. Therefore, we affirm respondent's determination that petitioners are liable for additions to tax attributable *94 to negligence in tax years 1982, 1983 and 1984, pursuant to sections 6653(a)(1) and 6653(a)(2). (6) Additions to Tax for Failure to File Excise Tax Returns Section 6651(a)(1) provides for an addition to tax for failure to timely file any return required under section 6011(a). Section 6011(a) provides that a person liable for any tax imposed by the Internal Revenue Code, (including excise taxes) "shall make a return or statement according to the forms and regulations prescribed by the Secretary." Taxpayers who have made excess contributions to an IRA are liable for an excise tax prescribed by section 4973, and are required to file Form 5329 each year that they have excess contributions. Similarly, taxpayers who make an excess contribution to a Keogh plan are liable for an excise tax prescribed by section 4972, and are required to file Form 5330 each year that they have excess contributions. Sec. 54.4972-1(a), Excise Tax Regs. Frick failed to file Form 5329 or Form 5330 even though he made excess contributions to both a Keogh plan and an IRA. Frick has failed to prove that he was not required to file these excise tax returns and that he did not make excess contributions to *95 his IRA and Keogh plan. We conclude that Frick failed to timely file the excise returns which he was required by law to file. The addition to tax is sustained for failure to file Form 5329 in tax years 1982, 1983 and 1984. The addition to tax for failure to file Form 5330 is also sustained for tax years 1982, 1983 and 1984. (7) Addition to Tax for Underpayment of Estimated Tax Section 6654 imposes an addition to tax on individuals who underpay their estimated tax, with certain limited exceptions not shown to be applicable here. Petitioners have the burden of proving that respondent erred in determining that an addition to tax under section 6654 should be imposed. Rule 142(a). Petitioners did not present evidence proving that they made, or were not required to make, estimated tax payments. We hold for respondent on this issue. (8) Damage Award to the United States
We finally consider, on our own motion, whether we should award damages to the United States pursuant to section 6673, [4] and, if so, in what amount. *96 We have reviewed the earlier opinions in this Court with respect to petitioners, Frick I and Frick II, and conclude that petitioners' position in this proceeding is frivolous and groundless. This is the third decision by this Court concerning Frick's deductions for contributions to a Keogh plan. Both Frick I and Frick II disallowed Frick's erroneous Keogh plan deductions for the exact reasons we do today. In both Frick's earlier cases, we held that Frick's investment activities did not rise to the level of carrying on a trade or business; today, petitioner presents the same argument that he is carrying on a trade or business, based on facts identical to those presented in the two earlier cases. We reject that claim for the third time in 6 years. Frick also deducted home office expenses in the instant case, which he also unsuccessfully claimed in Frick I. Such business deductions are predicated upon finding that taxpayer is carrying on a trade or business. Therefore, we conclude that petitioner's claim that his investment activities constituted a trade or business was frivolous and groundless. Frick raised two issues in the instant case which were not previously *97 addressed in Frick I or Frick II (deductions for IRA contributions and a partnership loss deduction); however, petitioner has made no attempt to substantiate either one. We conclude that petitioners' position as to these issues was also frivolous and groundless. In Sydnes v. Commissioner,74 T.C. 864, 872 (1980), affd. 647 F.2d 813 (8th Cir. 1981), we held that imposition of damages under section 6673 was proper in circumstances other than when a taxpayer advanced protester arguments. The taxpayer in Sydnes v. Commissioner advanced the same legal theories supporting his deduction in three cases before this Court. We awarded damages to the United States in our third decision against the taxpayer on the identical issue. This is the third time Frick has advanced the same stale arguments concerning most of his erroneous deductions, while presenting little or no evidence at trial. Although Frick does not raise traditional tax protestor arguments, we conclude that Frick had no reasonable expectation of receiving a favorable decision when he instituted and maintained the present case with this Court in light of our two earlier opinions. *98 Sydnes v. Commissioner,74 T.C. at 872. We accordingly award damages of $ 2,500 to the United States on our own motion, acknowledging that the cost incurred by the United States, in excess of the damages we award, "must eventually be borne by all the citizens who honestly and fairly participate in our tax collection system." Sydnes v. Commissioner,74 T.C. at 873. To reflect the foregoing, Decisions will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. Respondent has now conceded that petitioners are not liable for any addition to tax pursuant to sec. 6661, or under sec. 6651(a)(1) (with respect to income tax returns). * 50 percent of the interest due on $ 16,694.00 ** 50 percent of the interest due on $ 20,096.00 *** 50 percent of the interest due on $ 9,153.00↩
3. Respondent conceded that Patricia B. Frick is not liable for any excise taxes, nor is she liable for any additions to tax pursuant to sec. 6651(a) for failure to file required excise tax returns. See and compare Johnson v. Commissioner,74 T.C. 1057, 1062 (1980), affd. 661 F.2d 53↩ (5th Cir. 1981).
4. SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceedings is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies, damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩