T.C. Memo. 1997-427


UNITED STATES TAX COURT


HARISH K. AND MAGGY M. PARIANI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12477-95.            Filed September 22, 1997.


<u>Abhijit Modak</u>, for petitioners.

<u>Christina D. Moss</u> and <u>David W. Johnson</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


GALE, <u>Judge</u>:  Respondent determined the following deficiencies in petitioners' Federal income taxes and the following accuracy-related penalties:

| Year | Deficiency | Accuracy-Related Penalty Sec. 6662(a) |
|------|------------|----------------------------------------|
| 1989 | $3,107 | $621 |
| 1992 | 15,017 | 3,003 |

Unless otherwise noted, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After a concession by petitioners, we must decide the following issues:

(1) Whether, during the years in issue, petitioner Harish K. Pariani was an employee or an independent contractor of his wholly owned professional association for Federal income tax purposes. We hold that he was an employee.

(2) Whether petitioners are liable for the accuracy-related penalties as determined by respondent. We hold that they are so liable.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. We incorporate by this reference the stipulation of facts, first supplemental stipulation of facts, and attached exhibits. At the time of filing the petition, petitioners resided in Humble, Texas.

The Professional Association

Petitioner Harish K. Pariani (Dr. Pariani) is a doctor of medicine. In 1982, Dr. Pariani organized, under the laws of the State of Texas, a professional association called Harish K.

Pariani, M.D., P.A. (the Association).  During the years in issue and during all times relevant to this case, Dr. Pariani was the sole shareholder and president of the Association, performed medical services for the Association, and had no supervisors. Further, Dr. Pariani exercised supervision over the Association's day-to-day affairs, and he was the only individual who supervised, controlled, and directed the business of the Association, including the making of management decisions.  Also, Dr. Pariani had authority to sign corporate checks on behalf of the Association.  Other doctors occasionally performed medical services for the Association.

Asit Modak served as bookkeeper for Dr. Pariani starting in 1978, and also for the Association from its inception in 1982, through the years in issue.  He also prepared the tax returns of the Association and of petitioners personally.

Tax Returns

On their 1989 tax returns, the Association and petitioners were not consistent with respect to the way in which they reported the compensation paid to Dr. Pariani.  The Association paid $51,418 to Dr. Pariani and deducted this amount as compensation of officers.  However, petitioners reported $51,418 as income from a sole proprietorship (i.e., self-employment income).  On its 1992 return, the Association reported that it paid $8,000 to Dr. Pariani and deducted this amount as

compensation of officers. In addition, the Association paid $178,857 to Dr. Pariani for medical professional services performed by him and deducted this amount under the heading "other deductions". Petitioners reported wages of $19,631, which included the $8,000 paid by the Association and $11,631 of Mrs. Pariani's wages. Petitioners reported $178,857 as income from a sole proprietorship.[1] The Association paid $40,090 to persons other than Dr. Pariani for medical professional services and deducted this amount under the heading "other deductions".

Information Returns

For the 1989 tax year, no Forms W-2 or Forms 1099 were issued to Dr. Pariani by the Association or by any other person. For the 1992 tax year, the Association issued a Form W-2 to Dr. Pariani showing $8,000 paid as compensation of officers. No other Forms W-2, and no Forms 1099, were issued to Dr. Pariani by the Association or by any other person for 1992. However, the Association issued Forms 1099 to 13 other individuals, at least one of whom was a doctor, for 1992.

OPINION

Evidentiary Matters

Petitioners did not appear or testify at the trial of this case and called only one witness, Asit Modak, who was the

[1] The Association did not include the payment of $178,857 in its reportable wages on any Form 941, Employer's Quarterly Federal Tax Return, filed for 1992.

bookkeeper for petitioners and the Association for the years in issue and several years prior. At trial, respondent made various objections to portions of Mr. Modak's testimony, based on lack of personal knowledge,[2] relevance, and hearsay, on which we deferred ruling. We hereby overrule those objections and admit the challenged testimony.

## Employee or Independent Contractor

The first issue is whether Dr. Pariani provided services to the Association as an employee or as an independent contractor. If Dr. Pariani was an employee of the Association, several consequences follow. First, petitioners may not deduct contributions to a Keogh plan. See secs. 401(c)(1), 404(a)(8)(C), 1402(a), (c); Jacobs v. Commissioner, T.C. Memo. 1993-570. Second, petitioners are liable for the 10-percent excise tax on the nondeductible contributions. Sec. 4972(a); see Frick v. Commissioner, T.C. Memo. 1989-86, affd. without published opinion 916 F.2d 715 (7th Cir. 1990). Finally, petitioners are not liable for the tax on self-employment income, and in 1992 would not be entitled to the deduction for one-half of self-employment tax. Secs. 1401(a), 1402(b), 164(f). This Court has described the question of whether a taxpayer is an

---

[2] We conclude that Mr. Modak's longstanding relationship with Dr. Pariani and the Association as bookkeeper and tax return preparer for both gave him sufficient personal knowledge to testify with respect to the matters challenged by respondent.

employee or an independent contractor as a question of fact. Weber v. Commissioner, 103 T.C. 378, 386 (1994), affd. per curiam 60 F.3d 1104 (4th Cir. 1995). However, the Court of Appeals for the Fifth Circuit, to which an appeal in this case would lie, has held that the determination of employment status is a question of law. Breaux & Daigle, Inc. v. United States, 900 F.2d 49, 51 (5th Cir. 1990). In any event, petitioners have the burden of proof. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

The definition of "employee" found in section 3121(d) that applies for purposes of the Federal Insurance Contributions Act also applies to the issues involved in this case; namely the tax on self-employment income and the deductibility of contributions to a Keogh plan. Secs. 1402(d), 401(c), 404(a)(8)(A). Section 3121(d) provides:

> For purposes of this chapter, the term "employee" means--
>
> (1) any officer of a corporation; or
>
> (2) any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee; * * *

Respondent argues that Dr. Pariani was an employee both under section 3121(d)(1), because he was an officer of the Association, and under the common law test incorporated in section 3121(d)(2). Although petitioners appear to concede that Dr. Pariani was an employee of the Association with respect to his duties as

president,[3] they argue that he was an independent contractor with respect to the medical services he provided to the Association.

Dr. Pariani was an officer of the Association and therefore an employee under the general rule of section 3121(d)(1). Although the regulations under section 3121(d) provide an exception to this general rule, for corporate officers who as such do not perform more than minor services or receive any compensation, sec. 31.3121(d)-1(b), Employment Tax Regs., Dr. Pariani does not qualify for this exception because he performed substantial services for and received compensation from the Association.

With respect to the medical services Dr. Pariani provided to the Association, we look to the common law test incorporated in section 3121(d)(2). Under the common law test, we examine numerous factors to decide whether an individual is an independent contractor or common law employee, among which are the following: (1) The degree of control exercised by the principal over the details of the work; (2) which party invests in the facilities used in the work; (3) the opportunity of the individual for profit or loss; (4) whether the principal has the right to discharge the individual; (5) whether the work is part of the principal's regular business; (6) the permanency of the

---

[3] On brief petitioners characterize the amounts received by Dr. Pariani with respect to his managerial duties as "wages".

relationship; (7) the relationship the parties believe they are creating; and (8) whether fringe benefits are provided. Weber v. Commissioner, supra at 387; Lozon v. Commissioner, T.C. Memo. 1997-250. Other relevant factors are (9) the degree of skill required on the part of the worker, and (10) whether the worker makes his services available to more than one company and to the general public. Breaux & Daigle, Inc. v. United States, supra at 51; Jacobs v. Commissioner, supra.

In this case, the degree of control exercised by the principal is of little or no relevance since the worker, Dr. Pariani, is president and sole shareholder and therefore controls the principal, the Association. Jacobs v. Commissioner, supra. On the basis of the remaining factors, we conclude that Dr. Pariani was an employee rather than an independent contractor. Dr. Pariani had a permanent relationship with the Association. The Association's line of business was the provision of medical services, and the work Dr. Pariani performed was not just part of this line of business but coterminous with it. Dr. Pariani was integral to the Association's business; in 1992, his compensation for medical services was over four times as great as the compensation paid to all other providers of medical services. His services were essential to the Association. See Weber v. Commissioner, supra at 391; Jacobs v. Commissioner, supra. Although he was not the sole provider of medical services, he was

the key worker.  See Spicer Accounting, Inc. v. United States,

918 F.2d 90, 94 (9th Cir. 1990).  There is no evidence that Dr.

Pariani made his services available to another company or to the

general public.[4]  The only factor that weighs in favor of finding

that Dr. Pariani was an independent contractor is the fact that

the type of work that he provided, medical services, requires a

high degree of skill.  Considering all the facts and

circumstances, we conclude that Dr. Pariani was an employee of

the Association under the common law rules.

Petitioners offered no evidence or argument that Dr. Pariani

qualifies as an independent contractor under the common law

standard.  Rather, petitioners rely on section 530 of the Revenue

Act of 1978 (Section 530)[5] for their position that Dr. Pariani

was an independent contractor rather than an employee.

---

[4] Asit Modak testified that Dr. Pariani performed services in the emergency room at York Plaza Hospital (the Hospital) "up to 1989".  Whether this includes 1989 or not, there is no evidence that Dr. Pariani was paid by the Hospital, or that he had a contract to work for the Hospital.  He did not receive a Form W-2 or a Form 1099 from the Hospital.  Moreover, if there was an arrangement with the Hospital, it could have been with the Association rather than with Dr. Pariani, in which case any services that Dr. Pariani performed at the Hospital might have been services performed for the Association.

[5] All references to sec. 530 of the Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2763, 2885, are to that section as amended and in effect for the years in issue.  Sec. 530 of the Revenue Act of 1978 was originally an interim relief provision that was eventually extended indefinitely by sec. 269(c) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 552.

Respondent makes two arguments in response: First, respondent argues that petitioners may not invoke Section 530 because its relief is available only to employers with respect to their liability for subtitle C employment taxes, and Dr. Pariani was not an employer so liable. Second, respondent argues that, even if petitioners could invoke Section 530, the threshold requirements of that section have not been satisfied. We agree with respondent.

Section 530 by its clear terms has limited application. The section designates certain circumstances where an "individual" who has not been treated as an employee by the "taxpayer" shall be deemed not to be an employee "for purposes of applying * * * [employment] taxes * * * with respect to the taxpayer". Sec. 530(a)(1), flush language. "Taxpayer" as used in the context of Section 530 refers to an employer, and "employment tax" for purposes of the section is defined as "any tax imposed by subtitle C" of the Internal Revenue Code. Sec. 530(c)(1). Thus, Section 530 by its terms is confined to the applicability of subtitle C taxes to an employer-taxpayer and operates to "terminate"[6] such taxes if certain conditions are met. As subtitle C taxes are not at issue in this case, Section 530 is of no help to petitioners. Moreover, even if petitioners could

---

[6] The heading of Sec. 530(a) states: "Termination of Certain Employment Tax Liability".

invoke Section 530, they could not meet its terms.  One of the threshold requirements for obtaining Section 530 relief is that the taxpayer-employer must have filed all required Federal tax returns (including information returns) on a basis consistent with the treatment of the worker as not being an employee.  Sec. 530(a)(1)(B).  For both 1989 and 1992, the Association failed to file returns consistent with the treatment of Dr. Pariani as an independent contractor; the Association did not issue a Form 1099 with respect to any payments made to Dr. Pariani for either year.

Accuracy-Related Penalties

Petitioners bear the burden of proving that the determinations pursuant to section 6662(a) are erroneous.  Rule 142(a).  Petitioners introduced no evidence relating to these determinations.  Therefore, they are liable for the accuracy-related penalties under section 6662(a).

To reflect the foregoing,

Decision will be entered

under Rule 155.