T.C. Memo. 2011-98

UNITED STATES TAX COURT

MICHAEL S. AND PAMELA S. OHSMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23756-08.              Filed May 3, 2011.

P-H's Roth IRA formed an FSC which entered into a
commission agreement with P-H's wholly owned C corporation.
For excise tax purposes only, R recharacterized commission
payments from the C corporation to the FSC as distributions
to P-H followed by P-H's contribution of the proceeds to his
Roth IRA. R determined that Ps were liable for excise taxes
on excess contributions to P-H's Roth IRA under sec. 4973,
I.R.C., and additions to tax under sec. 6651(a)(1), I.R.C.,
for failing to file the appropriate information returns.

<u>Held</u>: The transactions must be treated consistently
for sec. 4973, I.R.C., and income tax purposes.

<u>Held</u>, <u>further</u>, the commission payments from P-H's C
corporation do not represent excess contributions to P-H's
Roth IRA.

<u>Held</u>, <u>further</u>, Ps are not liable for excise taxes under
sec. 4973, I.R.C.

<u>Held</u>, <u>further</u>, Ps are not liable for additions to tax
under sec. 6651(a)(1), I.R.C.

Neal J. Block, Robert S. Walton, and Brian C. Dursch, for petitioners.

Peter N. Scharff, for respondent.

MEMORANDUM OPINION

NIMS, Judge:  This matter is before the Court on petitioners' motion for summary judgment under Rule 121 (Motion).

Respondent determined the following deficiencies and additions with respect to petitioners' Federal income tax:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) |
|------|------------|----------------------------------|
| 2001 | $79,293 | $19,823.25 |
| 2002 | 85,595 | 21,398.75 |
| 2003 | 85,595 | 21,398.75 |
| 2004 | 85,595 | 21,398.75 |
| 2005 | 85,355 | 16,105.75 |
| 2006 | 85,355 | 21,300.75 |

The issues for consideration are:  (1) Whether petitioners are liable for excise taxes under section 4973 and (2) whether petitioners are liable for additions to tax under section 6651(a)(1).  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

For the purposes of deciding the Motion only, the following facts are derived from the affidavits and exhibits submitted by the parties and the parties' pleadings. Petitioners resided in Arizona when they filed their petition.

Michael S. Ohsman (petitioner) owned 100 percent of Ohsman & Sons Co., Inc. (Ohsman), a C corporation which was in the hide trading business. Petitioner established a Roth IRA which subscribed to all of the previously unissued stock of Ohsman Export, Inc. (Ohsman Export), a foreign sales corporation (FSC).

From 1999 through 2001 Ohsman made commission payments to Ohsman Export (Ohsman commission payments) of $104,896 in 1999, $3,152,714 in 2000, and $3,585,712 in 2001. Ohsman Export accordingly reported taxable income of $27,160, $192,246, and $259,305, and paid taxes of $5,469, $58,226, and $84,379, respectively.

Ohsman Export made actual distributions to petitioner's Roth IRA of $635,000 in 2000 and $789,559 in 2001.

On July 1, 2008, respondent issued petitioners a statutory notice of deficiency in which he determined that payments from Ohsman to Ohsman Export each represented: (1) A distribution from Ohsman Export to petitioner and (2) a subsequent

contribution of the proceeds to petitioner's Roth IRA.
Respondent determined that the amounts deemed contributed to the
Roth IRA were excess contributions subject to the section 4973
excise tax. Respondent also determined that petitioners were
liable for additions to tax under section 6651(a)(1) for failure
to file Forms 5329, Additional Taxes on Qualified Plans
(Including IRAs) and Other Tax-Favored Accounts.

On September 26, 2008, petitioners filed a petition with
this Court. On April 14, 2009, petitioners filed the Motion.

## Discussion

### I.  Summary Judgment

Summary judgment may be granted when there is no genuine
issue of material fact and a decision may be rendered as a matter
of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C.
518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The moving
party bears the burden of proving there is no genuine issue of
material fact, and factual inferences will be read in a manner
most favorable to the party opposing summary judgment. Dahlstrom
v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v.
Commissioner, 79 T.C. 340, 344 (1982). The adverse party must
set forth specific facts showing that there is a genuine issue
for trial and may not rest on mere allegations or denials in his
pleadings. Rule 121(d).

Petitioners' return preparer, Mr. DeKock, described Ohsman's payment of FSC commissions to Ohsman Export and the subsequent distribution Ohsman Export made to petitioner's Roth IRA (Transaction). Respondent has not contested any part of Mr. DeKock's affidavit and claims only that he is unable to do so because he has not had a reasonable opportunity to conduct discovery. While respondent may require discovery to obtain the evidence necessary to resolve the factual issues that are in dispute, the absence of discovery should not prevent him from being able to identify what those disputed issues are. Respondent may not rely on generalized allegations that material issues of fact potentially exist.

Accordingly, we find and hold that there is no genuine issue of material fact and that judgment may be rendered as a matter of law.

## II. Section 4973 Excise Taxes

Section 4973 imposes a 6-percent excise tax on excess contributions to IRAs. The tax applies each year until the excess contributions are eliminated from the taxpayer's IRA. See sec. 4973(b)(2).

Respondent contends that petitioner used the Transaction as vehicle to improperly shift value into his Roth IRA. Respondent contends that the Ohsman payments therefore

represented, in substance, excess contributions to petitioner's Roth IRA. Respondent has amended his recharacterization of the Transaction as described in the notice of deficiency and now argues that the Transaction represents a distribution from Ohsman to petitioner followed by petitioner's contribution of the proceeds to his Roth IRA.

We previously rejected this argument in a case involving similar transactions. See Hellweg v. Commissioner, T.C. Memo. 2011-58. In Hellweg, the Commissioner attempted to use the substance-over-form doctrine to recharacterize, for excise tax purposes only, commission payments from an S corporation to a domestic international sales corporation owned by the taxpayers' Roth IRAs as excess contributions. We held that the Commissioner could not do so without also making a corresponding income tax adjustment because (1) section 4973 was intertwined with and inseparable from the income tax regime and (2) the Commissioner's approval of the transactions for income tax purposes undermined his attempted use of the substance-over-form doctrine.

Respondent has neglected to challenge the substance of the Transaction for income tax purposes. Consequently, he cannot rely on the substance-over-form doctrine to recharacterize the Transaction for purposes of section 4973 only.

For these reasons, we hold that the Ohsman commission payments do not constitute excess contributions to petitioner's

Roth IRA. Accordingly, we will grant petitioners summary judgment as to the issue of their liability for excise taxes under section 4973.

III. Section 6651(a)(1) Additions to Tax

Section 6651(a)(1) imposes a 5-percent addition to tax for each month or portion thereof a required return is filed after the prescribed due date. Taxpayers are required to file a Form 5329 for each year they have excess contributions to their IRA. See Frick v. Commissioner, T.C. Memo. 1989-86, affd. without published opinion 916 F.2d 715 (7th Cir. 1990). Because petitioner did not make excess contributions to his Roth IRA, petitioners were not required to file Forms 5329 and are therefore not liable for additions to tax under section 6651(a)(1).

Accordingly, we will grant petitioners summary judgment as to the section 6651(a)(1) additions to tax.

To reflect the foregoing,

An appropriate order and decision will be entered granting petitioners' motion for summary judgment.