T.C. Memo. 2014-55

UNITED STATES TAX COURT

CELIA MAZZEI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

ANGELO L. MAZZEI AND MARY E. MAZZEI, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 16702-09, 16779-09.            Filed April 1, 2014.

Lewis Richard Walton and Lewis Richard Walton, Jr., for petitioners.

Erin K. Salel, Joseph A. Peters, Miles B. Fuller, Peter N. Scharff, and

Paulmikell A. Fabian, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  These consolidated cases are before us on petitioners'

motion for partial summary judgment.[1]  We shall deny petitioners' motion.

_____

[1]Petitioners filed a memorandum and the respective declarations of Mr.

(continued...)

**[*2]**                                        <u>Background</u>

The record before us for purposes of petitioners' motion (record) establishes and/or the parties do not dispute the following.

Petitioners Celia Mazzei (Celia Mazzei), Angelo L. Mazzei (Mr. Mazzei), and Mary E. Mazzei (Mary Mazzei), resided in California at the time they filed the respective petitions in these cases.

At all relevant times, Celia Mazzei, Mr. Mazzei, and Mary Mazzei each owned certain shares of stock of each of Mazzei Injector Corp. (Mazzei Injector) and ALM Corp. (ALM), each of which was an S corporation. Their respective stock ownership of each of those S corporations totaled 100 percent.

At all relevant times, Mazzei Injector and ALM each owned a certain interest in a partnership known as Mazzei Injector Co. (Mazzei partnership). Their respective partnership interests in Mazzei partnership totaled 100 percent.

---

[1](...continued)
Mazzei, Celia Mazzei, and David Bedke, C.P.A., in support of petitioners' motion for partial summary judgment. (We shall refer collectively to petitioners' motion for partial summary judgment, petitioners' memorandum in support of petitioners' motion for partial summary judgment, and the respective declarations of Mr. Mazzei, Celia Mazzei, and David Bedke, C.P.A., as petitioners' motion.) Respondent filed a response to petitioners' motion and a memorandum in support thereof. Petitioners filed a reply to that response and that memorandum.

**[\*3]**   Around January 1998, Celia Mazzei, Mr. Mazzei, and Mary Mazzei each established a Roth individual retirement account (Roth IRA).  At a time not established by the record during 1998, each of them caused her or his Roth IRA to purchase certain stock of Western Growers Shared Foreign Sales Corp., Ltd. (Western Growers FSC).  At all relevant times, Western Growers FSC had in effect an election under section 927(f)[2] to be treated for Federal income tax (income tax) purposes as a foreign sales corporation (FSC).

Around February 1998, Mazzei partnership entered into an agreement (sales agreement) with Western Growers FSC.  In that agreement, Western Growers FSC agreed to provide certain foreign sales services to Mazzei partnership in return for certain commissions that that partnership agreed to pay to Western Growers FSC on certain international sales of Mazzei partnership's export property within the meaning of section 927(a) (section 927(a) export property).

Pursuant to the sales agreement, during each of the years 1998 through 2001 Mazzei partnership paid to Western Growers FSC certain commissions on certain of Mazzei partnership's international sales of section 927(a) export property.  During each of those same years, Western Growers distributed certain amounts as

---

[2]All section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

**[*4]** dividends to the respective Roth IRAs of Celia Mazzei, Mr. Mazzei, and Mary Mazzei (petitioners' IRAs).[3]

In April 2007, respondent commenced an examination of the income tax of Mazzei Injector for its taxable year 2005. Certain notes that respondent's revenue agent (revenue agent) prepared during that examination stated in pertinent part:

> There were potentially $200K-$300K commissions paid per year until the FSC rules were repealed in 2000 or 2001. He [petitioners' representative during the examination] claims that they were entitled to do that and the law was unclear until Notice 2004-08 was issued. The contributions ceased after that and there have been no additional contributions since then. The only additional amounts are from earnings of those amounts. * * * It is unclear what our position may be in this matter. The older years [1998 through 2001] are closed and if there were no additional contributions after the 2000 or 2001 years, our only issue may be the excise tax on the over contributed amounts.

Respondent proposed no adjustments to Mazzei Injector's income tax for its taxable year 2005 as a result of respondent's examination of Mazzei Injector's income tax for that taxable year. Nor did respondent propose as a result of that examination any adjustments to Mazzei Injector's income tax for its taxable years 1998 through 2001 during which the Mazzei partnership/Western Growers FSC transactions had taken place. That was because the applicable respective periods

---

[3]We shall refer collectively to the various transactions involving Mazzei partnership, Western Growers FSC, petitioners' IRAs, and petitioners as the Mazzei partnership/Western Growers FSC transactions.

[*5] of limitations for assessing income tax for taxable years 1998 through 2001 had expired by the time respondent commenced the examination of the income tax of Mazzei Injector for its taxable year 2005 and learned for the first time about the Mazzei partnership/Western Growers FSC transactions.

In September 2008,[4] respondent commenced respective examinations of the income tax of Celia Mazzei and Mr. Mazzei and Mary Mazzei for their taxable year 2005. At the completion of those respective examinations, respondent concluded that the commissions that Mazzei partnership had paid to Western Growers FSC during each of the years 1998 through 2001 constituted in substance distributions to Celia Mazzei, Mr. Mazzei, and Mary Mazzei, respectively, that were followed by their respective contributions to their respective Roth IRAs. Respondent proposed no adjustments to petitioners' respective income tax for their taxable year 2005 as a result of respondent's respective examinations of petitioners' respective income tax for that taxable year. Nor did respondent propose as a result of those examinations any adjustments to the respective income tax of Celia Mazzei and Mr. Mazzei and Mary Mazzei for their taxable years 1998 through

---

[4]Respondent was aware of the Mazzei partnership/Western Growers FSC transactions when it began the respective examinations in September 2008 of the income tax of Celia Mazzei and Mr. Mazzei and Mary Mazzei, having learned about those transactions for the first time during the examination that began in April 2007 of the income tax of Mazzei Injector for its taxable year 2005.

[*6] 2001 during which the Mazzei partnership/Western Growers FSC transactions had taken place. That was because the applicable respective periods of limitations for assessing income tax for taxable years 1998 through 2001 had expired by the time respondent commenced the examination of the respective income tax of Celia Mazzei and Mr. Mazzei and Mary Mazzei for their taxable year 2005.[5]

On April 6, 2009, respondent issued Celia Mazzei a notice of deficiency with respect to her taxable years 2002 through 2007 (Celia Mazzei notice). In that notice, respondent determined that Celia Mazzei is liable for those taxable years for the following deficiencies under section 4973(a) in, and additions under section 6651(a)(1) and (2) to, her Federal excise tax (excise tax):

| | | Additions to Tax Under Secs. | |
| Year | Deficiency | 6651(a)(1) | 6651(a)(2) |
| --- | --- | --- | --- |
| 2002 | $4,889 | $1,100 | $1,222 |
| 2003 | 6,148 | 1,383 | 1,537 |
| 2004 | 6,372 | 1,433 | * |
| 2005 | 6,817 | 1,533 | * |
| 2006 | 7,850 | 1,766 | * |
| 2007 | 8,616 | 1,938 | * |

*Sec. 6651(a)(2) prescribes the method of calculating the addition to tax thereunder.

---

[5]See supra note 4.

[*7]   On April 6, 2009, the same date on which respondent issued the Celia Mazzei notice, respondent issued to Mr. Mazzei and Mary Mazzei a notice with respect to their taxable years 2002 through 2007 (Mazzei notice).  In that notice, respondent determined that Mr. Mazzei and Mary Mazzei are liable for those taxable years for the following deficiencies under section 4973(a) in, and additions under section 6651(a)(1) and (2) to, their excise tax:

|  |  | Additions to Tax Under Secs. | |
| Year | Deficiency | 6651(a)(1) | 6651(a)(2) |
| 2002 | $6,637 | $1,493 | $1,659 |
| 2003 | 9,408 | 2,116 | 2,352 |
| 2004 | 10,523 | 2,367 | * |
| 2005 | 11,349 | 2,553 | * |
| 2006 | 13,759 | 3,095 | * |
| 2007 | 15,914 | 3,580 | * |

*Sec. 6651(a)(2) prescribes the method of calculating the addition to tax thereunder.

## Discussion

We may grant summary judgment where there is no genuine dispute of material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  We agree with the parties that there is no genuine dispute of material fact in resolving the following issue presented in petitioners' motion:

[*8] Should we reject the respective excise tax deficiencies that respondent determined in the Celia Mazzei notice and the Mazzei notice resulting from the Mazzei partnership/Western Growers FSC transactions because respondent did not determine respective income tax deficiencies of Celia Mazzei and Mr. Mazzei and Mary Mazzei resulting from those transactions?

It is petitioners' position that Hellweg v. Commissioner, T.C. Memo. 2011-58, 2011 WL 821090, and Ohsman v. Commissioner, T.C. Memo. 2011-98, 2011 WL 1675279, control resolution of the issue presented in petitioners' motion. That is because, according to petitioners, the issue presented in petitioners' motion "is the same issue presented, argued and decided in Hellweg and Ohsman". Respondent disagrees.

In Hellweg, the Commissioner of Internal Revenue (Commissioner) had determined certain excise tax deficiencies against the taxpayers involved there as a result of the Commissioner's recharacterization of the following transactions under the substance-over-form doctrine: A business that the taxpayers controlled paid certain commissions to a domestic international sales corporation (DISC). Hellweg v. Commissioner, 2011 WL 821090, at *2. Thereafter, the DISC made certain distributions to certain C corporations that the respective Roth IRAs of the taxpayers owned, and the C corporations made certain distributions to those re-

[*9] spective Roth IRAs.  Id.  According to the Commissioner in Hellweg, the transactions involved there should be recharacterized because the taxpayers had used those transactions as a "vehicle to improperly shift value into their Roth IRAs."  Id. at *4.  As recharacterized by the Commissioner, the respective commission payments to the DISC made by the business that the taxpayers controlled constituted in substance (1) distributions from the business to the respective C corporations that the taxpayers' respective Roth IRAs owned, (2) distributions from those C corporations to the respective taxpayers whose Roth IRAs owned those C corporations, and (3) contributions by the taxpayers to their respective Roth IRAs.  According to the Commissioner, the recharacterized transactions resulted in the taxpayers' being liable for excise tax under section 4973(a) with respect to the contributions to their respective IRAs.  Id. at *3.  In advancing the Commissioner's position in Hellweg, the Commissioner informed the Court that the Commissioner had not challenged for income tax purposes the transactions at issue in Hellweg.  Id.  In fact, the Commissioner advised the Court in Hellweg that those transactions were "valid for income tax purposes, [and] lack[] substance for excise tax purposes only."  Id. at *7.  Thus, the Commissioner took a position in Hellweg for income tax purposes that was inconsistent with the position that the Commissioner took in that case for excise tax purposes.

**[\*10]**  In Hellweg v. Commissioner, 2011 WL 821090, at \*7, \*11, the Court

rejected the Commissioner's position that the transactions at issue in that case

were "valid for income tax purposes, [and] lack[] substance for excise tax pur-

poses only."  The Court concluded that the taxpayers were not liable for excise tax

under section 4973(a) because (1) that section compels consistent treatment of

transactions for income tax and excise tax purposes, id. at \*9, and (2) "respon-

dent's position that \* \* \* [the transactions at issue in Hellweg are] substantive for

income tax purposes undermines his attempted use of the substance-over-form

doctrine to recharacterize the Transaction[s] for excise tax purposes", id. at \*10.

In Ohsman, the Commissioner had determined certain excise tax deficien-

cies against the taxpayers involved there as a result of the Commissioner's rechar-

acterization of the following transactions under the substance-over-form doctrine:

A business that one of the taxpayers, Michael S. Ohsman (Mr. Ohsman),[6] owned

paid certain commissions to an FSC.  Ohsman v. Commissioner, 2011 WL

1675279, at \*1.  Thereafter, the FSC made certain distributions to a Roth IRA that

Mr. Ohsman owned.  Id.  According to the Commissioner in Ohsman, the trans-

---

[6]There were two taxpayers in Ohsman v. Commissioner, T.C. Memo. 2011-98, 2011 WL 1675279, Mr. Ohsman and Pamela S. Ohsman (Ms. Ohsman).  Mr. Ohsman was involved in the transactions at issue in Ohsman, and Ms. Ohsman was a party to that case only because she filed a joint income tax return with Mr. Ohsman.

[*11] actions involved there should be recharacterized because Mr. Ohsman had used those transactions as a "vehicle to improperly shift value into his Roth IRA." Id. at *2. As recharacterized by the Commissioner, the respective commission payments to the FSC made by the business that Mr. Ohsman owned constituted in substance (1) distributions from the business to Mr. Ohsman and (2) contributions by Mr. Ohsman to his Roth IRA. Id. According to the Commissioner, the recharacterized transactions resulted in the taxpayers' being liable for excise tax under section 4973(a) with respect to the contributions that Mr. Ohsman made to his Roth IRA. Id. In advancing the Commissioner's position in Ohsman, the Commissioner did not challenge for income tax purposes the transactions at issue in Ohsman. Id. Thus, the Commissioner took a position in Ohsman for income tax purposes that was inconsistent with the position that the Commissioner took in that case for excise tax purposes.

In Ohsman, the Court rejected the Commissioner's position that the transactions at issue in that case should be recharacterized for excise tax purposes only. Id. at *3. The Court concluded that the taxpayers were not liable for excise tax under section 4973(a) because the Commissioner "neglected to challenge the substance of the * * * [transactions at issue in Ohsman] for income tax purposes." Id.

**[\*12]**  We find Hellweg and Ohsman to be materially distinguishable from the instant cases, and petitioners' reliance on those cases in support of their position in petitioners' motion to be misplaced.  In contrast to Hellweg and Ohsman, respondent does not take inconsistent positions for income tax purposes and excise tax purposes with respect to the Mazzei partnership/Western Growers FSC transactions.  For both purposes, respondent believes that under the substance-over-form doctrine those transactions should be recharacterized.  However, for income tax purposes the applicable respective periods of limitations for taxable years 1998 through 2001 during which the Mazzei partnership/Western Growers FSC transactions had taken place had expired by the time respondent learned of those transactions during respondent's examination of the income tax of Mazzei Injector for its taxable year 2005 that began in April 2007.  In this connection, the revenue agent noted during that examination:  "The older years [1998 through 2001] are closed and if there were no additional contributions after the 2000 or 2001 years, our only issue may be the excise tax on the over contributed amounts."  Respondent did not seek to undertake the useless action of determining any income tax deficiencies for taxable years 1998 through 2001 resulting from the Mazzei partnership/Western Growers FSC transactions that respondent was prohibited by law from assessing and collecting.

**[\*13]**  Based upon our examination of the entire record before us, we conclude that we should not reject the respective excise tax deficiencies under section 4973(a) that respondent determined in the Celia Mazzei notice and the Mazzei notice resulting from the Mazzei partnership/Western Growers FSC transactions on the ground that respondent did not determine respective income tax deficiencies of Celia Mazzei and Mr. Mazzei and Mary Mazzei resulting from those transactions.

We have considered all of the contentions and arguments of the parties that are not discussed herein with respect to the matters that we address herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

An order denying petitioners' motion will be issued.